524 So.2d 691 (1988)
BUTLER CONSTRUCTION and Crims, Inc., Appellants,
v.
Kevin WALKER, Appellee.
No. BR-376.
District Court of Appeal of Florida, First District.
March 30, 1988.
Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, Orlando, for appellants.
Donna C. Wyatt of Malone, Beers, Glatt & Wyatt, Orlando, for appellee.
PER CURIAM.
This cause is before us on appeal of an order awarding claimant wage-loss benefits *692 for November 1985 through February 1986, and May 1986, and awarding claimant continuing remedial medical care. The employer and carrier (E/C) appeal on grounds that (1) the deputy commissioner (the deputy) erred in denying the E/C's motion for continuance and then failing to rule on all pending issues, (2) the deputy erred in ordering the E/C to provide claimant with remedial care, and (3) the deputy erred in awarding wage-loss benefits. After careful consideration, we affirm in part and reverse in part.
Claimant is a 26-year-old iron and construction worker who suffers from several lower-back injuries. In February 1985, he was injured while working for the employer when he fell off a scaffold while carrying a tie beam. Claimant received temporary disability benefits for that injury until November 1985, when, according to a February 1986 deposition of treating physician Dr. Montes, he reached maximum medical improvement (MMI). Although he was advised not to seek further construction work, claimant found the first of several post-injury construction jobs in February 1986. These positions were temporary and often paid less than the one he had when injured. In February 1986, he submitted a wage-loss claim for all months following November 1985. However, before a hearing could be held, claimant seriously aggravated his back injury on at least two occasions. One injury occurred on June 30, 1986, and the second on August 18, 1986. Although he was able to resume work within a few days of the June injury, he has not been able to work since the August injury. Claimant then amended his claim to request remedial medical treatment. Some weeks after they received notice of this amendment, the E/C filed a motion for continuance. The basis of the motion was that, although claimant contended that the June and August 1986 reinjuries were an aggravation of the injury suffered while working for the employer in 1985, the E/C believed that the reinjuries were entirely new and unrelated to the 1985 accident. Consequently, the E/C maintained that the 1986 injuries were the responsibility of the 1986 employer and requested that that employer be joined. The motion for continuance was filed on September 26, for a hearing to be held on October 7.
We find no error in the deputy's refusal to continue the hearing. In this case, claimant has been unable to work or receive authorized medical treatment since the August 1986 injury. The record indicates that he suffers from significant pain. Consequently, time was of the essence. Rule 4.110, Florida Workers' Compensation Rules of Procedure, allows the deputy to grant a continuance "if he finds that the cancellation or continuance is for good cause which has not resulted from lack of diligence in the prosecution or defense of the claim." (emphasis added). The record indicates that the E/C were aware of the grounds for continuance as early as September 3, but they did not file their request until September 26. Under the circumstances, the deputy did not abuse his discretion.
Somewhat more troubling is the deputy's failure to rule on the issue of entitlement to temporary total disability benefits. Although the record reflects that the request was not noticed in the claim or mentioned in the pretrial stipulation, claimant's attorney did specifically request the benefits at hearing. A deputy commissioner must adjudicate all issues which are presented and ripe for disposition. Estech General Chemicals Corp. v. Graham, 424 So.2d 138, 139 (Fla. 1st DCA 1982). While failure to do so may render the order interlocutory and, consequently, not reviewable by direct appeal, Estech, supra, at 139, citing Crown Hotel v. Friedman, 420 So.2d 418 (Fla. 1st DCA 1982), we note that in this case the claimant has still not received the medical treatment or benefits which were awarded by the deputy nearly one year ago. Consequently, we choose to treat this improperly filed appeal as a petition for a writ of certiorari under Rule 9.030(b)(2)(A), Florida Rules of Appellate Procedure. See Briggs v. Salcines, 392 So.2d 263, 265 (Fla. 2d DCA 1980).
In order for certiorari to lie, the claimant must show that the deputy's order (1) was *693 a departure from the essential requirements of law and (2) will cause claimant material harm, and that (3) there is no adequate remedy on appeal. The failure to rule on a matured issue presented for adjudication is a departure from the essential requirements of law. See Estech, supra at 139. As for the second and third prongs, it is enough to say that claimant is in continual pain and unable to work. Although benefits may ultimately be awarded following a remand for entry of a ruling on the temporary total disability request, this will not provide a remedy for the pain claimant continues to experience while the case is delayed. This is material harm for which there is no adequate remedy on appeal, and certiorari is granted.
Turning next to the award of wage-loss benefits for November 1985 through February 1986, and May 1986, we find no error. Although it is true that claimant turned down a construction job in November 1985 that was somewhat similar to, and paid more than, the construction work he ultimately accepted in February 1986, the job he turned down was iron work which was heavier than the construction jobs he later accepted. The record further reflects that claimant's doctors instructed him not to accept any iron or construction work in the future due to the effect heavy lifting could have on his weakened back. It appears that claimant spent two months trying to find non-construction work within his abilities and medical limitations, but could not, and ultimately decided to return to construction even though he was not supposed to. As the record contains competent, substantial evidence that claimant performed an adequate job search during this time and any credibility questions decided in claimant's favor were also supported by competent, substantial evidence, we affirm the deputy's ruling on this point.
We also affirm the deputy's ruling that the E/C provide claimant with continuing remedial medical care. Although the origin of claimant's current back problem is extremely difficult to discern and could easily have been decided either way, sufficient competent, substantial evidence exists in the record to support the deputy's ruling that the 1986 injuries were aggravations of the 1985 injury rather than wholly new problems. However, the deputy's ruling must be modified insofar as it indicates that claimant remains at MMI following the August 1986 aggravation. This ruling was based on a deposition of claimant's treating physician taken in February 1986, before the June and August 1986 aggravations occurred. As competent, substantial evidence supports the deputy's ruling that these aggravations were not new injuries and claimant has not recovered from the August aggravation, he has clearly not been at MMI since August 1986. We further note that if claimant had remained at MMI, it would have been illegal to award him remedial medical care. See Section 440.13(2)(a), Florida Statutes, and Gulf and Western Food Products v. Campbell, 417 So.2d 1168 (Fla. 1st DCA 1982).
Accordingly, the deputy's order is amended to indicate that claimant has not been at MMI since August 1986, and the issue on claimant's entitlement to temporary total disability benefits is remanded for a ruling by the deputy. The order before us is affirmed in all other respects.
BOOTH, WIGGINTON and BARFIELD, JJ., concur.