590 So.2d 1134 (1992)
Albert E. EBERHARDT, Appellant,
v.
Barbara N. EBERHARDT, N/K/a Barbara N. Morton, Appellee.
No. 91-1795.
District Court of Appeal of Florida, Fourth District.
January 3, 1992.
Albert E. Eberhardt, pro se.

ON MOTION FOR REHEARING
PER CURIAM.
We grant rehearing and substitute the following opinion.
Eberhardt appeals an order denying his request to proceed in a civil case as an indigent under section 57.081(1), Florida Statutes (1989). The first issue is whether this court has jurisdiction to hear an appeal from an order denying a request to proceed as an indigent. This is not a final order because it does not meet the test of finality *1135 as described by Florida appellate courts.[1] The order in question is also not subject to review under rule 9.130, Florida Rules of Appellate Procedure, because it does not fit within any of the categories of appealable non-final orders listed in that rule.
This court does, however, have the power to treat the improperly filed appeal as a petition for writ of certiorari under rule 9.030(b)(2)(A). See Butler Construction v. Walker, 524 So.2d 691 (Fla. 1st DCA 1988); Cowan v. People ex rel. Florida Dental Association, 463 So.2d 285 (Fla. 4th DCA 1984); Fla.R.App.P. 9.040(c) ("If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy."). Certiorari is available where the order from which review is sought is a departure from the essential requirements of the law and will cause irreparable harm which cannot be remedied on appeal. See Briggs v. Salcines, 392 So.2d 263 (Fla. 2d DCA 1980), rev. denied, 397 So.2d 779 (Fla. 1981), cert. denied, 454 U.S. 815, 102 S.Ct. 92, 70 L.Ed.2d 84 (1981).
The order here satisfies that standard. If Eberhardt is indeed an indigent, a denial of leave to proceed as an indigent is a departure from the essential requirements of the law because it prohibits him from going forward with his claim. See section 57.081(1), Florida Statutes (1989) ("Any indigent person who is a party or intervenor in any judicial or administrative agency proceeding or who initiates such proceeding shall receive the services of the courts, sheriffs, and clerks, with respect to such proceedings, without charge."). In addition, denial of indigent status will cause irreparable harm which cannot be remedied on appeal. If Eberhardt cannot afford the court costs and fees, he will be unable to proceed to trial, let alone appeal. We therefore exercise our discretion and treat this improperly filed appeal as a petition for writ of certiorari.
Section 57.081(1) states that an "indigent person" shall receive the services of the courts, sheriffs and clerks without charge. By the language of this statute, a person is considered an indigent when he obtains from the clerk a certificate of indigency, "based on an affidavit filed with him that the applicant is indigent and unable to pay the charges otherwise payable by law to any such officers." Failure of the clerk to issue the certificate entitles the applicant to a review by the court having jurisdiction in his cause of action.
From the record presented, it appears that the clerk's office either failed or refused to issue the certificate and, as a matter of routine, forwarded the oath and affidavit to the trial judge. In doing so, the clerk complied with section 57.081(1). The court, however, then denied the application.
The issue here is thus whether the trial court departed from the essential requirements of law in denying Eberhardt's claim as an indigent. There is a paucity of cases which analyze the standard a court must apply to determine indigency of a party in a civil case. A party is not an indigent simply by declaring himself indigent. See Nation v. Nation, 404 So.2d 394 (Fla. 5th DCA 1981), rev. denied, 412 So.2d 468 (Fla. 1982) ("the clerk's certificate of insolvency is not conclusive as to the party's true financial ability and, if the trial court finds that the party is financially able to pay costs, the court can require payment.").
Virtually all of the other cases discussing section 57.081(1) concern what an indigent is entitled to after he receives the certificate from the clerk. There appear to be no cases discussing the standards for determining indigency in civil cases. One standard is suggested by the statute itself: Is the applicant "unable to pay the charges *1136 otherwise payable by law" to the clerk? That question in turn leads to an inquiry as to whether the affidavit (and any other evidence available to the court) discloses assets or funds from which a litigant could pay his costs.
From the financial affidavit submitted by Eberhardt, we think that the trial judge could have reasonably determined that he was not indigent. Eberhardt is a self-employed electrical contractor who averages $340 per week in gross wages. He thus has a profession in a skilled trade. He has $350 in cash on hand or in banks. He owns $8,800 in automobiles and other personal property. He also owns $1,300 in business equipment and inventory.
We realize that the financial affidavit suggests a weekly deficit of $70 and a negative net worth of $550. The trial judge, however, may look beyond these bottom line figures and consider the financial situation in the broader context suggested by the reasonable inferences drawn from the facts sworn to by the applicant. In this case, they are that Eberhardt is actually employed, averages over $17,000 per year gross income, and owns property worth over $10,000. Because reasonable people could thus differ as to whether Eberhardt has funds to pay the charges required by law, the trial judge's finding cannot be disturbed by an appellate court, even though we might have resolved the indigency factual questions differently if we had been the finder of fact.[2]
Treating the appeal papers as a petition for a writ of common law certiorari, we hereby DENY the application.
DOWNEY, GUNTHER and FARMER, JJ., concur.
NOTES
[1] See e.g., S.L.T. Warehouse Company v. Webb, 304 So.2d 97 (Fla. 1974) ("Generally, the test employed by the appellate court to determine finality of an order, judgment or decree is whether the order in question constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected.").
[2] Eberhardt argues that Rule 9.430, Florida Rules of Appellate Procedure, requires a trial court to state in writing its reason for denying a motion to proceed in forma pauperis. However, this rule is inapplicable here. In the words of the Committee Notes: "This rule governs the manner in which an indigent may proceed with an appeal without payment of fees or costs and without bond." Eberhardt's cause of action is a motion for relief of judgment under Rule 1.540, Florida Rules of Civil Procedure. Because a Rule 1.540 motion is a trial court proceeding, not an appeal, Rule 9.430 does not apply.