PER CURIAM.
Oscar Meyer petitions this court for a writ of certiorari to quash a non-final order of the circuit court which requires Meyer to produce certain financial records. Because we find the trial court’s order did not depart from the essential requirements of law, the petition is denied.
Meyer shows that he brought action in the Circuit Court in and for Santa Rosa County, naming the county property appraiser as a defendant. Apparently the nature of this action is a challenge to the valuation of certain real property owned by Meyer.
The plaintiff was initially certified as.insolvent by the clerk of the lower tribunal but the defendant brought the matter to the attention of the trial judge and suggested that the plaintiff is not insolvent so as to be entitled to waiver of costs under section 57.-081, Florida Statutes. The defendant moved to compel discovery of Meyer’s financial records for the preceding three years after Meyer would not voluntarily produce those records. After a hearing the motion was granted and Meyer was ordered to produce the records.
Petitioner raises several challenges to the trial court’s order, including an argument that the information is protected by the right to privacy as provided for by the Florida Constitution. Meyer argues that the statute does not set forth income and asset standards for determination of his insolvency. He contends it would be unwise for him to submit to discovery when the information given could be “twisted and misused.” It is further argued that the discovery is impermissible as Meyer’s personal finances are not an issue in the cause. He relies on Baron, Melnick & Powell, P.A. v. Costa, 478 So.2d 492 (Fla. 1st DCA 1985); Frank Medina Trading Co. v. Blanco, 553 So.2d 285 (Fla. 3d DCA 1989); and Palmer v. WDI Systems, Inc., 588 So.2d 1087 (Fla. 5th DCA 1991). Petitioner argues that these cases stand for the proposition that confidential financial information is not relevant to insolvency issues.
We find petitioner’s arguments to be without merit. Article I, Section 23 of the Florida Constitution protects against governmental intrusion into private lives. Petitioner, as plaintiff in the trial court, elected to utilize a court of this state to bring an action for redress and sought to obtain the services of that forum without-payment of the attendant fees and costs under the auspices of a statute which authorizes waiver of the costs and fees for persons who are without adequate funds to pay them. Under the circumstances, we do not believe that petitioner has a cognizable privacy interest under the Florida Constitution which outweighs the public interest in assuring that only those persons qualified are given the benefits of section 57.081, Florida Statutes. Cf. Florida Freedom Newspapers, Inc. v. Sirmons, 508 So.2d 462, 463-64 (Fla. 1st DCA 1987), approved sub nom Barron v. Florida Freedom Newspapers, Inc., 531 So.2d 113 (Fla.1988). We also find that the discovery requested was directly relevant to the issue of the plaintiffs insolvency and that the case authorities on which petitioner relies are distinguishable in that the financial discovery in those cases was unrelated to the objecting parties’ entitlement to be certified as insolvent. As for the standard to be applied, section 57.081(1) states that an applicant must be “unable to pay the charges otherwise payable by law.” We agree with our sister court in Eberhardt v. Eberhardt, 590 So.2d 1134 (Fla. 4th DCA 1992) that this is a sufficiently definite standard and permits “an inquiry as to whether the affidavit (and any other evidence avail *84 able to the court) discloses assets or funds from which a litigant can pay his costs.” Id. at 1136. We therefore conclude that the trial court did not depart from the essential requirements of law in granting the defendant’s motion to compel plaintiff to produce the financial records. Accordingly, the petition for writ of certiorari is denied.
ZEHMER, C.J., SMITH and LAWRENCE, JJ., concur.