757 So.2d 535 (2000)
Charlie BROWN, Jr., Appellant,
v.
Dale CAMPION and Evander Collier, Appellees.
No. 1D99-2969.
District Court of Appeal of Florida, First District.
March 23, 2000.
Rehearing Denied April 27, 2000.
Appellant, pro se.
No appearance for Appellee.
PER CURIAM.
Appellant has sought review of an order denying his Motion to Proceed in Forma Pauperis in a civil proceeding. The court previously converted the appeal to a petition for writ of certiorari. However, upon further consideration, it appears that such treatment is not appropriate.
The Fourth District has held that an appeal of an order denying a plaintiff's request to proceed as indigent in a civil case is properly treated as a petition for writ of certiorari. See Eberhardt v. Eberhardt, 590 So.2d 1134 (Fla. 4th DCA 1992). The court determined that such an order satisfies the standard for certiorari. See Briggs v. Salcines, 392 So.2d 263 (Fla. 2d DCA 1980)(holding that certiorari is available where the order from which review is sought is a departure from the essential requirements of the law and will cause irreparable harm which cannot be remedied on appeal). In Eberhardt, the court found specifically that if the plaintiff is indeed indigent, such an order is a departure from the essential requirements of the law, and that irreparable harm which cannot be remedied on appeal will result because, not only will the plaintiffs indigency prevent him from proceeding to trial, it will prevent him from seeking redress on appeal as well.
*536 However, we find that because a plaintiff who is denied indigency status at the trial level has a second opportunity to seek indigency status for appellate purposes, it cannot be presumed that he will be unable to seek redress on appeal. Thus, an order denying a plaintiff's request to proceed as indigent in a civil case does not result in irreparable harm which cannot be remedied on appeal and is therefore not reviewable by a writ of certiorari. Furthermore, an order denying a plaintiffs request to proceed as indigent in a civil case is not a final order or a non-final order appealable pursuant to Florida Rule of Appellate Procedure 9.130.
For these reasons, the petition for writ of certiorari is hereby converted back to an appeal and is dismissed for lack of jurisdiction. The dismissal is without prejudice to appellant to file a notice of appeal when a final order of dismissal is rendered.
BARFIELD, C.J., LAWRENCE, AND BROWNING, JJ., CONCUR.