ORDER DETERMINING JURISDICTION ON APPEAL FROM ORDER DENYING INDIGENCY STATUS

KLEIN, J.
Petitioner has appealed an order denying his request to proceed as an indigent in a civil case in the trial court under section 57.085, Florida Statutes (2001). We have, in the past, treated a notice of appeal from such an order as a petition for certiorari, concluding that erroneous denial of indigent status will cause irreparable harm which cannot be remedied on appeal. Eberhardt v. Eberhardt, 590 So.2d 1134 (Fla. 4th DCA 1992).
The first district disagrees with Eberhardt. In Brown v. Campion, 757 So.2d 535 (Fla. 1st DCA 2000), that court concluded that the requirements for certiorari were not met and dismissed the appeal without prejudice to appellant’s filing a notice of appeal after obtaining a final order of dismissal.
After reading Brown, we requested that the clerk of this court ascertain from the clerks of the circuits in this district whether final orders of dismissal would, or could, be entered following an order denying indigency status in the trial court. Each trial court clerk advised that if the filing fee is not paid, and the judge does not grant indigency status, a file is not set up. We conclude that under these circumstances it would be unlikely that a litigant would be able to obtain an order of dismissal. We will therefore continue to review these orders under our certiorari jurisdiction.
The trial court denied indigency on the ground that the petitioner did not comply with all of the requirements of section 57.085, Florida Statutes (2001) and pointed out specifically that petitioner’s affidavit was not notarized. We conclude that the trial court was correct in denying indigen-cy for that reason alone and therefore deny certiorari.
FARMER and TAYLOR, JJ., concur.