PER CURIAM.
By petition for writ of certiorari, Michael P. Connelly seeks review of an order of the circuit court. Because the order before us neither grants nor denies a request for relief, it is not reviewable. Accordingly, we deny the petition.
Connelly petitioned the Circuit Court for Baker County for a writ of habeas corpus, complaining of the procedures utilized in a hearing that resulted in revocation of his conditional release and seeking reinstatement of his conditional release. The circuit court treated the petition as seeking mandamus relief and, by order of August 9, 2001, denied the claim for failure to demonstrate exhaustion of administrative remedies. Connelly moved for rehearing arguing that there were no administrative remedies to exhaust. On September 4, 2001, the trial court entered an order ruling that Connelly did not allege facts which, if true, would mandate his immediate release, but finding that he was entitled to a conditional release hearing. The trial court granted rehearing conditioned on payment of the required filing fee. This order recited that Connelly would have 30 days from entry of the order to pay the court’s filing fee or be certified as insolvent pursuant to section 57.085, Florida Statutes. According to the order, “[fjailure to comply with the conditions of a rehearing will result in denial of the motion for rehearing.” Connelly timely invoked this court’s certiorari jurisdiction to review the September 4 order.
As an initial matter, we note that the circuit court has never reached the merits of Connelly’s claims. The order of September 4 effectively vacated the August 9 order of dismissal. Thus, the ease does not stand dismissed in the lower tribunal. Nor do we find that the case became dismissed simply by the passage of 30 days after entry of the September 4 order. See United Water Florida, Inc. v. Florida Public Service Commission, 728 So.2d 1250 (Fla. 1st DCA 1999).
The order sought to be reviewed does not rule upon the merits of Connelly’s *433 claims. This order only preliminarily addresses the issue of insolvency; and neither grants nor denies an order of insolvency. Thus, there is no reviewable order before us. See Brown v. Campion, 757 So.2d 535 (Fla. 1st DCA 2000).
Petition for writ of certiorari is DENIED.
WOLF, VAN NORTWICK and BROWNING, JJ., concur.