PER CURIAM.
By petition for writ of mandamus, Thomas A. Saba challenges an order of the *859 Circuit Court for Walton County which denied his request to be certified as indigent for appeal. For the reasons set forth below, we deny the petition.
Saba’s complaint in circuit court seeks monetary damages and injunctive relief. He was found not to be indigent and was ordered to pay the circuit court’s filing fee. He appealed that order to this court in case number 1D02-5287 but he was ordered to pay the filing fee for the appeal when the circuit court again found him not to be indigent. His motion for review of that order was facially insufficient and was denied. Ultimately, the appeal was dismissed for this reason.[1]
Saba then filed the instant petition for writ of mandamus in the Supreme Court of Florida, which transferred it to this court for consideration. According to petitioner, he seeks relief because the trial judge has attempted to “illegally seal the plaintiffs fate by denying indigent status for appellate purposes.” Because the trial court has rendered a ruling, whether correct or not, mandamus will not lie. Kramp v. Fagan, 568 So.2d 479 (Fla. 1st DCA 1990). Instead, Saba has an adequate remedy by appeal. If he is unable to pay the applicable fee, his circuit court action will be dismissed and he may appeal that final order. If he is also found not to be indigent for the appeal, his remedy is a motion for review in accordance with Florida Rule of Appellate Procedure 9.430. Thus, if the circuit court is incorrect in concluding that Saba is not indigent, the matter will eventually be resolved in his favor. See Brown v. Campion, 757 So.2d 535 (Fla. 1st DCA 2000). This mandamus petition, however, is not the appropriate vehicle for Saba to obtain relief if he is correct in his challenge to the circuit court rulings on indi-gency.
PETITION DENIED.
WOLF, C.J., ERVIN and LEWIS, JJ., concur.

. It is unlikely that this court would have found it had jurisdiction to review the circuit court’s order by appeal or by writ of certiorari. See Brown v. Campion, 757 So.2d 535 (Fla. 1st DCA 2000). The filing fee is a threshold matter which must be first resolved before the appealability of the order is reviewed. In case number 1D02-5287, the proceeding never moved beyond the issue of this court’s filing fee.