ON MOTION FOR REHEARING GRANTED

PER CURIAM.
The panel opinion of July 12,1994, is withdrawn, and this opinion is substituted in its place.
A jury found the appellant guilty of burglary of an unoccupied dwelling. The trial court, however, adjudicated him guilty of burglary of an occupied dwelling, categorizing this offense as a second degree felony. The appellant was sentenced to 12 years in prison, with the sentence to run concurrently to a separate sentence that the appellant was already serving.
The appellant now challenges his sentence by way of a motion to correct an illegal sentence. See Flá.R.Crim.P. 3.800(a)! The appellant contends that it was error for the trial court to adjudicate him guilty of burglary of an occupied dwelling when, in fact, the jury had found him guilty of burglary of an unoccupied dwelling. Consequently, the appellant argues that his sentence was erroneous because, appellant contends, burglary of an unoccupied dwelling is only a third degree *78 felony under Florida Statutes Section 810.-02(3), for which the maximum sentence is 5 years.- See § 775.082(3)(d), Fla.Stat. (1987).
While drawing a distinction between an occupied and unoccupied structure or conveyance, the burglary statute draws no distinction between burglary of an occupied dwelling and burglary of an unoccupied dwelling. The statute states, in part: “If ... the structure or conveyance entered is a dwelling or there is a human being in the structure or conveyance at the time the offender entered or remained in the structure or conveyance, the burglary is a felony of the second degree. ...” § 810.02(3), Fla.Stat. (1987) (emphasis supplied); see Bradley v. State, 378 So.2d 870, 873 (Fla. 2d DCA1979) (“Burglary is a second-degree felony if the structure entered was a dwelling_”). Since the jury found the appellant guilty of burglarizing a dwelling, he was properly convicted of and sentenced for a second degree felony, regardless of whether the dwelling he burglarized was characterized as occupied or unoccupied. The designation of the dwelling as occupied or unoccupied was mere surplus-age, and of no legal effect. The appellant’s motion to correct an illegal sentence was properly denied.
Affirmed.