721 So.2d 1245 (1998)
McKinley SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0198.
District Court of Appeal of Florida, Fourth District.
December 23, 1998.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise S. Calegan, Assistant Attorney General, West Palm Beach, for appellee.
*1246 PER CURIAM.
Appellant asserts that chapter 95-182, Laws of Florida, violates the single subject requirement of Article III, section 6, of the Florida Constitution, as the second district has recently held in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA), rev. granted, 717 So.2d 538 (Fla.1998). We have determined that appellant's constitutional challenge to his sentence as a violent career criminal is not cognizable because his offense occurred subsequent to the reenactment of the chapter law into the Florida Statutes. See State v. Johnson, 616 So.2d 1, 2 (Fla. 1993)("[o]nce reenacted as a portion of the Florida Statutes, a chapter law is no longer subject to challenge on the grounds that it violates the single subject requirement of Article III.").[1] We also reject appellant's attack on the Prison Release Re-offender Act, section 775.082(8)(a), Florida Statutes (1997), which we have recently held has no ex post facto effect on defendants who, although released from prison prior to the effective date of the Act, commit their crimes after that date. See Plain v. State, 720 So.2d 585, 23 Fla. L. Weekly D2309, D2310 (Fla. 4th DCA Oct.14, 1998).
Appellant also urges that his sentence under the Prison Release Re-Offender Act was error because his charged crime of burglary of a dwelling is not a qualifying offense bringing him under the Act. Section 775.082(8)(a)(1) provides the following, in pertinent part:
"Prison releasee reoffender" means any defendant who commits, or attempts to commit:
....
q. Burglary of an occupied structure or dwelling
....
within 3 years of being released from a state correctional facility....
(emphasis added). Appellant contends that "occupied" modifies both structure and dwelling, and that since he burglarized an unoccupied dwelling, he was not within the Act for sentencing purposes.
The burglary statute, section 810.02(3), Florida Statutes (1997), expressly distinguishes between an occupied or unoccupied structure or conveyance, but makes no distinction between burglary of an occupied dwelling and burglary of an unoccupied dwelling. Cf. Howard v. State, 642 So.2d 77, 78 (Fla. 3d DCA 1994), rev. denied, 651 So.2d 1194 (Fla.1995). Appellant was convicted of burglary of a dwelling, not a structure or conveyance, and therefore whether the dwelling was occupied or not has no legal effect for purposes of sentencing under the Act. Accordingly, the trial court correctly classified appellant under the Act.
Based on the foregoing, and, finding no error with regard to the denial of appellant's motion for judgment of acquittal since the state presented substantial competent evidence from which the jury could reasonably conclude that appellant was guilty of the charged crimes, we affirm appellant's conviction and sentence.
Affirmed.
GUNTHER and WARNER, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.
NOTES
[1] In Thompson, the second district noted that the window period to challenge chapter 95-182 on single subject grounds began on the effective date of chapter 95-182, which was October 1, 1995, and closed on May 24, 1997, when the 1995 amendments contained in chapter 95-182 were reenacted as part of the Florida Statutes' biennial adoption. See 708 So.2d at 317 n. 1. The state argues that the 1996 enactment of chapter 96-388, Laws of Florida, with an effective date of October 1, 1996, cured any alleged single subject violation since the offending sections of chapter 95-182 were eliminated therein. However, we express no opinion as to the close of the window period since appellant's offenses occurred on July 16, 1997, which was clearly outside of the challenge period.