738 So.2d 972 (1999)
Jeffrey WALLACE, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 98-1534.
District Court of Appeal of Florida, Fourth District.
June 23, 1999.
Richard L. Jorandby, Public Defender, and David McPherrin, Assistant Public Defender, West Palm Beach, for appellant/cross-appellee.
Robert A. Butterworth, Attorney General, Tallahassee, and Gentry Denise Benjamin, Assistant Attorney General, West Palm Beach, for appellee/cross-appellant.

ON MOTION FOR REHEARING
PER CURIAM.
We grant the state's motion for rehearing, withdraw our earlier decision filed May 5, 1999, and substitute the following.
The defendant appealed his conviction and sentence, asserting the trial court erred by limiting voir dire and overruling a hearsay objection. The state cross-appealed, alleging that the trial court erred by finding the Prison Releasee Reoffender Act ("Act") inapplicable. We affirm the defendant's conviction, but we reverse the sentence and remand for re-sentencing.
The state appeals the trial court's order finding the Prison Releasee Reoffender Act, section 775.082, Florida Statutes (1997), inapplicable, because the offense committed was burglary of an unoccupied dwelling. On appeal, the state argues that burglary of an unoccupied dwelling is included as an enumerated offense under the Act. We agree.
The defendant was charged and convicted of burglary of a dwelling, and the state sought sentencing under the Act. The trial court denied sentencing under the Act, finding that burglary of an unoccupied dwelling was not an enumerated offense.
In Scott v. State, 721 So.2d 1245, 1246 (Fla. 4th DCA 1998), we concluded that the Act does not make a distinction between burglaries of occupied and unoccupied dwellings. See id. at 1246. "[W]hether the dwelling was occupied or not has no legal effect for purposes of sentencing under the Act." Id. Therefore, the Act includes burglary of an unoccupied dwelling as an enumerated offense. See id.
In the present case, the defendant was convicted of burglary of an unoccupied dwelling. Therefore, the defendant is subject to the Act. However, because the trial court denied sentencing under the Act solely based on its finding that burglary of an unoccupied dwelling was not included in the Act, no determination was made as to whether the defendant fell within one of the exceptions to the Act, which would render the Act inapplicable. Accordingly, we reverse the sentence and remand for further proceedings.
*973 AFFIRMED in part; REVERSED AND REMANDED in part.
STONE, C.J., GUNTHER and FARMER, JJ., concur.