807 So.2d 819 (2002)
Solomon Anthony DRAYTON, Appellant,
v.
Michael MOORE, Secretary, Department of Corrections, Appellee.
No. 2D00-1126.
District Court of Appeal of Florida, Second District.
February 27, 2002.
*820 Solomon Drayton, pro se, Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Charlann Jackson
*821 Sanders, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Solomon Drayton, a state prisoner, appeals the dismissal of a petition for writ of mandamus in which he raised a due process challenge to his prison disciplinary proceeding.[1] The trial court disposed of Drayton's mandamus petition pursuant to section 57.085, Florida Statutes (1999), the prisoner indigency statute. We reverse because the trial court improperly applied the statute and also utilized procedures that foreclose appellate review.
As noted in Reed v. Mims, 711 So.2d 169, 170 (Fla. 3d DCA 1998), the enactment of section 57.085 was intended to address a perceived problem of frivolous lawsuits filed by indigent prisoners who had abused the cost-waiver provisions of existing law. Subsections 57.085(2), (4), and (5) allow prisoners who qualify to be granted a full or partial waiver of prepayment of court costs and fees and to thereafter make payment in installments if and when funds are deposited into their inmate accounts. It is important to note that the statute applies only to prisoners who are adjudicated indigent and requires that their civil claims and appeals be prescreened for a determination of whether the claim is legally sufficient to state a cause of action.[2] However, the statute does not apply to a criminal or collateral criminal proceeding. § 57.085(10), Fla. Stat. (1999).
The trial court dismissed Drayton's petition without assigning a case number to the petition or opening a case file. Instead, the clerk of court returned to Drayton his original documents[3] with a form cover letter from the clerk that stated as a reason for the return: "Judge Swanson has found that your Motion is NOT sufficient to state a cause of action and you are NOT adjudicated indigent for purpose of filing the law suit-see attached copy of memo." The attachment is a check-off form,[4] the top half of which is a memorandum from a deputy clerk to the judge in which the clerk advised the court: "Our records reflect that the prisoner ... has... twice in the preceding three years been adjudicated indigent ... for the purpose of filing a suit. (see attached)." However, no documentary evidence was attached to verify the assertion. The bottom *822 half of the memorandum provides for a reply from the judge through the use of four check-off dispositions and a space for comments. The first two dispositions address the prisoner's claim and provide for a finding that the claim either does or does not state a cause of action. The second two dispositions address indigency status and provide that the petitioner either is or is not adjudicated indigent for the purpose of filing the action. These two sets of dispositions are connected with the word "AND." Thus, the trial court is guided to address the sufficiency of the claim prior to making a determination of indigency status. The form concludes by providing for the signature of a circuit judge on a date to be specified. The format of this combined memorandum/order and the procedures followed by the trial court in this case reflect an incorrect application of section 57.085.
We conclude that in ruling on Drayton's petition the trial court committed two errors. The trial court determined that Drayton was "NOT adjudicated indigent," and in doing so committed procedural error. Section 57.085(7) provides:
A prisoner who has twice in the preceding 3 years been adjudicated indigent under this section, certified indigent under s. 57.081, or authorized to proceed as an indigent under 28 U.S.C. s.1915 by a federal court may not be adjudicated indigent to pursue a new suit, action, claim, proceeding, or appeal without first obtaining leave of court. In a request for leave of court, the prisoner must provide a complete listing of each suit, action, claim, proceeding, or appeal brought by the prisoner or intervened in by the prisoner in any court or other adjudicatory forum in the preceding 5 years.[[5]]
The documents Drayton submitted in response to this court's order contain his affidavit of indigency in which he lists, pursuant to section 57.085(7), only one prior adjudication of indigency. He also certifies that as of the time he filed his petition, he had zero dollars in his inmate account. The memorandum/order form signed by the trial judge has a check mark beside the disposition option which states: "Prisoner is NOT adjudicated indigent for the purpose of filing the above mentioned suit." No reasons for the denial are stated. We presume that the trial court denied indigency status because the top portion of the memorandum/order contained the assertion by a deputy clerk that Drayton has twice in the preceding three years been adjudicated indigent under section 57.085 or 57.081. As we previously noted, this factual recital included a reference to attachments but there are no attachments to the copy of the form transmitted to this court.
If the recitals in Drayton's sworn affidavit of indigency are correct, the trial court erred by denying indigency status. If Drayton's recitals regarding prior adjudications of indigency are incorrect and the clerk's assertion is correct, the statute does not automatically foreclose an adjudication of indigency. Drayton may seek leave of court to obtain another adjudication of indigency. It is understandable that Drayton did not initially seek leave of court because he listed only one prior qualifying indigency on his affidavit. Because the trial court failed to give written reasons or attach documentation that supports a denial of indigency status, we must *823 reverse and remand for reconsideration of Drayton's indigency status.[6]
The trial court also erred by prescreening Drayton's claim and dismissing it for failure to state a cause of action. The prescreening provisions of section 57.085(6) only apply to actions filed by "indigent" prisoners. Therefore, the trial court should not have prescreened the claim of a prisoner who was not adjudicated indigent. For this reason, we do not reach the question of whether Drayton's petition stated a cause of action. Upon remand, if Drayton is adjudicated indigent and the trial court again dismisses the claim for failure to state a cause of action, we recommend that the trial court detail the deficiencies in the petition that justify dismissal, which are not readily apparent to us.[7]
This case has brought to our attention the need to set forth guidelines for the trial courts to follow in applying section 57.085. With respect to application of the substantive provisions of the statute, we remind trial courts that the prescreening mandate in section 57.085(6) applies only to civil actions filed by prisoners who have been adjudicated indigent. Thus, indigency status must be determined first. If indigency status is denied, the trial court should give written reasons. If a prisoner is denied leave of court to obtain indigency status because of prior qualifying adjudications of indigency, the trial court should attach documentation to support this factual determination together with its written reasons for denying leave of court. When a trial court dismisses a case under section 57.085, it must retain all original pleadings necessary to effectuate appellate review. If the statute is properly applied, prescreening and dismissals will occur only in cases where a prisoner has been granted indigency status. Once indigency status is granted, we presume that a case file with an assigned case number will be opened in which the original pleadings and any resulting court orders will be maintained.
We reverse and remand for further proceedings. Because the trial court did not retain a record in this case, upon issuance of the mandate, a copy of the record we have assembled will be provided to the trial court. The trial court is directed to reconsider Drayton's indigency status. If the trial court again adjudicates Drayton not indigent, written reasons should be provided together with supporting documentation of prior indigency determinations. If Drayton is adjudicated indigent, the trial court may proceed to prescreen the sufficiency of the mandamus petition. If the trial court once again determines that the petition is insufficient, the deficiencies should be detailed.
Reversed and remanded with directions.
ALTENBERND and SILBERMAN, JJ., concur.
*824
 JED PITTMAN
 CLERK OF CIRCUIT COURT
 MEMORANDUM
 TO: Honorable Maynard F. Swanson, Jr.
FROM: Jean Castle, Deputy Clerk
DATE: January 14, 2000
SUBJ: Proposed Insolvent Claim By Prisoner, F.S. 57.085
___________________________________________________________________________
The attached Petition/Complaint for Mandamus 
submitted by Solomon Anthony Drayton , an inmate, is respectfully
submitted to the court for review.
1. The Petitioner has been convicted of a crime and is incarcerated for
 that crime, or he/she is being held in custody pending extradition or
 sentencing.
2. Our records reflect that the prisoner xxx has ___ has not twice in
 the preceding three years been adjudicated indigent under F.S. 57.085 or
 certified indigent under F.S. 57.081 for the purpose of filing a suit.
 (see attached)
REPLY: (Check only what applies)
A. ____ The Court has reviewed the prisoner's claim and finds the claim
 sufficient to state a cause of action for which the court has
 jurisdiction and may grant relief.
 OR...
B. ____ The Court has reviewed the prisoner's claim and finds the claim IS
 NOT sufficient to state a cause of action for which the court has
 jurisdiction and may grant relief.
 AND...
C. ____ Prisoner is adjudicated indigent for the purpose of filing the
 above mentioned suit.
 OR...
D. ____ Prisoner is NOT adjudicated indigent for the purpose of filing the
 above mentioned suit.
COMMENTS:
_____________________________________________________________________________
_____________________________________________________________________________
_____________________________________________________________________________
DATED THIS 18 DAY OF January , 2000.
 
 CIRCUIT JUDGE
NOTES
[1] If we were reviewing a trial court ruling on the merits of Drayton's petition, we would treat the notice of appeal as a petition for certiorari review. Sheley v. Fla. Parole Comm'n, 720 So.2d 216 (Fla.1998). However, a dismissal pursuant to section 57.085, Florida Statutes (1999), is reviewable pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A).
[2] Section 57.085(6) provides in pertinent part:

Before an indigent prisoner may intervene in or initiate any judicial proceeding, the court must review the prisoner's claim to determine whether it is legally sufficient to state a cause of action for which the court has jurisdiction and may grant relief. The court shall dismiss all or part of an indigent prisoner's claim which:
(a) Fails to state a claim for which relief may be granted;
(b) Seeks monetary relief from a defendant who is immune from such relief;
(c) Seeks relief for mental or emotional injury where there has been no related allegation of a physical injury; or
(d) Is frivolous, malicious, or reasonably appears to be intended to harass one or more named defendants.
[3] This court issued an order directing Drayton to supply a copy of his petition together with any accompanying indigency paperwork, which he has done.
[4] A copy of this memorandum/order form is attached as an appendix to this opinion.
[5] The remaining provision of subsection (7) pertaining to required attachments was declared unconstitutional by the Florida Supreme Court in Jackson v. Department of Corrections, 790 So.2d 381 (Fla.2000).
[6] We agree with the Fourth District that a denial of indigency status under section 57.085 is reviewable by petition for writ of certiorari. Knod v. Moore, 805 So.2d 50, (Fla. 4th DCA 2001). Because the trial court also prescreened Drayton's action and entered a dismissal order, the indigency determination is reviewable in this appeal of the dismissal order.
[7] Drayton's mandamus petition, with supporting affidavits, indicates that he was disciplined for two infractions, fighting and unarmed assault. An initial prison disciplinary report was dismissed, but a second report was submitted and served on Drayton three weeks later. Drayton alleged due process violations, arguing that a corrections officer falsified testimony against him, that the unarmed assault was based on his unintentional contact with a corrections officer, and that the Department of Corrections failed to adhere to its own rules in untimely charging him several weeks after the incident occurred.