PER CURIAM.
The State correctly concedes that the fifteen-year Prison Releasee Reoffender Act (PRR) sentence imposed upon the defendant in this case should be vacated and that the previously imposed non-PRR sentence of twelve years in prison as an habitual offender be imposed with credit for time served. See State v. Huggins, 802 So.2d 276 (Fla.2001)(holding that the Prison Releasee Reoffender Act did not apply to a defendant convicted of burglary of an unoccupied dwelling). The trial court initially imposed the twelve-year sentence, but, during a prior appeal, this court ruled that a PRR sentence was required. See Wallace v. State, 738 So.2d 972 (Fla. 4th DCA 1999)(on motion for rehearing). In State v. Huggins, 744 So.2d 1215 (Fla. 4th DCA 1999)(en banc), we expressly receded from Wallace and held that the PRR did not apply to the crime of burglary of an unoccupied dwelling. This en banc decision was approved by the Florida Supreme Court in State v. Huggins, 802 So.2d 276 (Fla.2001).
We, therefore, vacate the fifteen-year PRR sentence and remand this cause so that the trial judge may re-impose the original term of twelve years imprisonment as an habitual offender.
POLEN, C.J., FARMER and STEVENSON, JJ., concur.