837 So.2d 604 (2003)
Mark OSTERBACK, Appellant,
v.
L.E. TURNER, Jim Sutherland, and Michael W. Moore, Appellees.
No. 1D01-5113.
District Court of Appeal of Florida, First District.
February 17, 2003.
*605 Mark Osterback, pro se.
Richard E. Doran, Attorney General and Philip A. Fowler, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Mark Osterback, an inmate in the state prison system, appeals an order denying declaratory and mandamus relief. In his complaint, Osterback sought to have declared invalid, as an unpromulgated rule, a procedure used at the Hamilton County Correctional Facility relating to the delivery of inmate mail. The trial court denied relief prior to service of the complaint on the appellees, defendants below, pursuant to the pre-trial screening procedures set forth in section 57.085(6), Florida Statutes (2001). Because the trial court determined that the complaint was legally insufficient prior to adjudicating appellant indigent, contrary to the requirements of section 57.085(6), we reverse and remand for further proceedings. See Drayton v. Moore, 807 So.2d 819 (Fla. 2d DCA 2002).
Section 57.085(6) provides:
(6) Before an indigent prisoner may intervene in or initiate any judicial proceeding, the court must review the prisoner's claim to determine whether it is legally sufficient to state a cause of action for which the court has jurisdiction and may grant relief. The court shall dismiss all or part of an indigent prisoner's claim which:
(a) Fails to state a claim for which relief may be granted;
(b) Seeks monetary relief from a defendant who is immune from such relief;
(c) Seeks relief for mental and emotional injury where there has been no related allegation of a physical injury;
(d) Is frivolous, malicious, or reasonably appears to be intended to harass one or more named defendants.
As the Drayton court explained:
The prescreening provisions of section 57.085(6) only apply to actions filed by "indigent" prisoners. Therefore, the trial court should not have prescreened the claim of a prisoner who was not adjudicated indigent. For this reason, we do not reach the question of whether Drayton's petition stated a cause of action. Upon remand, if Drayton is adjudicated indigent and the trial court again dismisses the claim for failure to state a cause of action, we recommend that the trial court detail the deficiencies in the petition that justify dismissal, which are not readily apparent to us.
This case has brought to our attention the need to set forth guidelines for the trial courts to follow in applying section 57.085. With respect to application of the substantive provisions of the statute, we remind trial courts that the prescreening mandate in section 57.085(6) applies only to civil actions filed by prisoners who have been adjudicated indigent. Thus, indigency status must be determined first. If indigency status is denied, the trial court should give written reasons. If a prisoner is denied leave of court to obtain indigency status because of prior qualifying adjudications of indigency, the trial court should attach documentation to support this factual determination together with its written reasons for denying leave of court. When a trial court dismisses a case under section 57.085, it must retain all original pleadings necessary to effectuate appellate review. If the statute is properly applied, prescreening and dismissals *606 will occur only in cases where a prisoner has been granted indigency status. Once indigency status is granted, we presume that a case file with an assigned case number will be opened in which the original pleadings and any resulting court orders will be maintained.
807 So.2d at 823 (footnote omitted).
REVERSED AND REMANDED.
BOOTH, BENTON AND VAN NORTWICK, JJ., CONCUR.