939 So.2d 1151 (2006)
Lawrence D. EVANS, Appellant,
v.
James R. McDONOUGH, Appellee.
No. 1D05-5593.
District Court of Appeal of Florida, First District.
October 20, 2006.
*1152 Lawrence D. Evans, pro se, Appellant.
Charlie Crist, Attorney General, and Linda Horton Dodson, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant Lawrence D. Evans challenges the trial court's dismissal of his petition for writ of mandamus, as well as the court's order authorizing the Department of Corrections to place a lien on his inmate trust account for payment of court costs and filing fees.
On January 12, 2005, appellant received a disciplinary report when officers discovered contraband in his cell. The first of two disciplinary hearings was convened on January 19, 2005, and as a result appellant was assessed 30 days disciplinary confinement and penalized 15 days of earned gain time. Appellant pursued an administrative appeal, and ultimately the disciplinary team's decision was overturned by the Warden for the Union Correctional Institution. At a second disciplinary hearing, held March 9, 2005, appellant was given only 15 days disciplinary confinement with no lost gain time. With respect to this second disciplinary hearing, appellant contended that he was denied his constitutional right to be present at that hearing. Accordingly, appellant filed a series of administrative appeals from the March 9 decision, all of which were denied.
Appellant filed a petition for writ of mandamus on July 18, 2005, arguing that the disciplinary action should be reversed. On September 2, the Clerk of Court entered a Certificate of Indigence and enrolled appellant in a payment program, requiring him to make periodic payments from his inmate trust account toward the total amount of court costs and fees associated with his petition. Accompanying that Certificate, the trial court entered an order authorizing the Department of Corrections to place a lien on appellant's inmate trust account. Appellant filed a motion for rehearing, arguing that Florida Statutes barred the trial court from placing a lien on appellant's trust account in any criminal proceeding or collateral criminal proceeding. That motion was denied.
On October 25, 2005, the trial court entered an order dismissing appellant's petition for mandamus relief. In particular, the trial court noted that the Clerk had determined appellant was able to prepay some part of the court costs and fees, and that the period of time in which appellant was required to make such payments had since expired. Appellant appeals this order of dismissal, as well as the court's order of September 2 that placed a lien on his inmate trust account.
Appellant argues that the trial court erred in dismissing his mandamus petition because the Clerk's Certificate enrolling him into a payment plan did not provide him with notice that partial prepayment was required in order for his action to proceed. The Department concedes that this was reversible error by the trial court.
Appellant also argues that the trial court erred in imposing a lien on appellant's inmate trust account. We agree. See Jackson v. McDonough, 31 Fla. L. Weekly D2299, ___ So.2d ___, 2006 WL 2527244 (Fla. 1st DCA Sept. 5, 2006) (holding that an inmate's mandamus petition, challenging a disciplinary report imposing 15 days disciplinary confinement, was a collateral criminal proceeding because the disciplinary confinement limited petitioner's ability to earn gain time).
Therefore, we (i) reverse the September 2, 2005 order imposing a lien on appellant's inmate trust account and remand for entry of an order directing the reimbursement of any funds withdrawn from appellant's inmate *1153 account pursuant to the lien, and (ii) reverse the October 25, 2005 order dismissing appellant's petition for mandamus relief and remand for further proceedings.
REVERSED and REMANDED.
ERVIN, BARFIELD and POLSTON, JJ., concur.