963 So.2d 777 (2007)
Dorrie THOMAS, Appellant,
v.
FLORIDA PAROLE COMMISSION, Appellee.
No. 1D05-5181.
District Court of Appeal of Florida, First District.
July 12, 2007.
Rehearing Denied September 10, 2007.
*778 Dorrie Thomas, pro se, Appellant.
Kim Fluharty, General Counsel, and Connie L. Beach, Assistant General Counsel, Tallahassee, for Appellee.
PER CURIAM.
Dorrie Thomas, a state prisoner, appeals the dismissal of his petition for writ of mandamus for not filing copies of his inmate trust account records as required by section 57.085, Florida Statutes (2004). We reverse and remand.
On March 2, 2004, Dorrie Thomas (appellant) filed a petition for writ of mandamus in the Fifteenth Circuit Court challenging his parole release date. The appellant contended that the Florida Parole Commission (appellee) erroneously disregarded findings of fact made by the hearing examiner and concluded that the appellant was not entitled to release. On November 30, 2004, the court determined that venue was improper and the case was transferred to the Second Circuit Court where the appellee has its headquarters.
On January 31, 2005, the appellant filed an affidavit of indigency alleging that he was indigent within the meaning of section 57.081(a), Florida Statutes (2004), and was entitled to a filing fee waiver because his claim was a collateral criminal proceeding pursuant to Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003). On February 23, 2005, the court clerk issued a response stating that the petitioner had failed to file all required information to determine his eligibility to proceed as an indigent and ordered the petitioner to comply within 60 days or pay the filing fee. Notably, the appellant failed to document any financial information concerning income or real property interests. On March 7, 2005, the appellant filed a supplemental affidavit of indigency pursuant to section 57.085.[1] The appellant produced all information requested by the court clerk with the exception of a photocopy of the appellant's inmate trust account records for the preceding six months.
On August 12, 2005, the trial court dismissed the case because the appellant sought to proceed without a filing fee and failed to fully comply with the court clerk's documentation request. On August 25, 2005, the appellant filed a motion for relief from judgment, which was denied on September 30, 2005. This timely appeal followed.
A trial court's dismissal of a petition for a writ of mandamus is reviewed by direct appeal. See Green v. Moore, 777 So.2d 425 (Fla. 1st DCA 2000) (distinguishing order decided on the merits from orders decided on grounds other than the merits). The applicability of section 57.085 is a question of law and the standard of review is de novo. See S. Baptist Hosp. of Fla., Inc. v. Welker, 908 So.2d 317 (Fla. 2005).
The appellant asserts that fulfilling the affidavit requirements of section 57.085, with the exception of copies of the records of his inmate trust account for the *779 preceding six months, allowed him to proceed without a filing fee. The appellant argues that the trial court erred in dismissing his petition because he completed the affidavit requirements of section 57.081, which did not require the production of copies of six months' trust account records. We agree.
Section 57.085, known as the "prisoner indigency statute," was enacted in 1996 "in order to reduce unnecessary or frivolous prisoner filings." Cason v. Crosby, 892 So.2d 536, 537 (Fla. 1st DCA 2005). Section 57.085 allows an indigent prisoner to initiate a civil proceeding without prepayment of filing fees and costs, but requires a lien to be placed on a prisoner's inmate trust account until the fee is paid in full. See § 57.085(2)-(5), Fla. Stat. (2006). However, section 57.085 specifically exempts criminal proceedings and "collateral criminal proceeding[s]." § 57.085(10), Fla. Stat. (2006). A proceeding involving the loss of accrued gain time is considered a "collateral criminal proceeding" which exempts a prisoner from section 57.085. See Schmidt v. Crusoe, 878 So.2d 361, 367 (Fla.2003) ("[A] gain time challenge should be considered a `collateral criminal proceeding,' and the Prisoner Indigency Statute should not apply.").
In Spaziano v. Florida Parole Commission, ___ So.2d ___, 2006 WL 1565289 (Fla. 1st DCA June 9, 2006), this Court held that a mandamus petition challenging a presumptive parole release date was a collateral criminal proceeding exempt from section 57.085. In Brooks v. Florida Parole Commission, 948 So.2d 801 (Fla. 1st DCA 2006), this Court extended Spaziano to apply to mandamus petitions challenging the decision to suspend a prisoner's presumptive parole release date and not authorize his effective parole release date.
If a prisoner is not required to proceed under section 57.085, Florida Statutes, he may be permitted to proceed as an indigent pursuant to section 57.081, Florida Statutes, the "general indigency statute." Section 57.082 details the information that a petitioner is required to supply to the clerk of the court as part of his affidavit of indigency under the general indigency statute. An affidavit of indigency under section 57.081 must supply most of the information required in an affidavit of indigency under section 57.085. Specifically, copies of the records of the inmate's trust account for the preceding six months are not required to be provided by a petitioner proceeding under section 57.081.
Therefore, this case is REVERSED and REMANDED to the trial court, so that it may determine if Thomas is indigent under section 57.081, and if applicable, for determination on the merits of the petition.
BROWNING, C.J., BARFIELD and ROBERTS, JJ., concur.
NOTES
[1] The citation to section 57.085, Florida Statutes, is on the form provided by the clerk of court.