975 So.2d 620 (2008)
Jimmy CRAFT, Appellant,
v.
Sarah Clark HOLLOWAY, Esquire, Appellee.
No. 4D06-4011.
District Court of Appeal of Florida, Fourth District.
March 5, 2008.
*621 Jimmy Craft, Doral, pro se.
Sarah Clark Holloway, Esquire, St. Petersburg, pro se.
SHAHOOD, C.J.
Jimmy Craft ("appellant") appeals from the circuit court's dismissal of his complaint pursuant to section 57.085, Florida Statutes. The order found insufficient legal grounds for appellant's cause of action and directed the Clerk of Court not to file the case. We hold that it was error to dismiss the case without first finding appellant indigent.
Appellant attempted to file his complaint against appellee after the circuit court dismissed appellant's earlier complaint against appellee's client. The trial court rendered an order pursuant to section 57.085, Florida Statutes, finding insufficient legal grounds for a cause of action and directing the Clerk of Court not to file the case. Appellant was later determined to be indigent. Appellant argues in this appeal that the trial court erred in refusing to file his case.
Section 57.085 attempts to solve the problem of frivolous civil suits by indigent prison inmates by requiring that lawsuits brought by indigent inmates be screened by the court before being accepted for filing. See Reed v. Mims, 711 So.2d 169, 170-71 (Fla. 3d DCA 1998). "The prescreening provisions of section 57.085(6) only apply to actions filed by `indigent' prisoners." Drayton v. Moore, 807 So.2d 819, 823 (Fla. 2d DCA 2002). As a result, a prisoner must be adjudicated indigent before his case can be prescreened. Id.; see also Osterback v. Turner, 837 So.2d 604, 605 (Fla. 1st DCA 2003) (reversing and remanding where trial court determined appellant's complaint legally insufficient prior to adjudicating appellant indigent). The Drayton court described the correct procedure under the statute:
[I]ndigency status must be determined first. . . . When a trial court dismisses a case under section 57.085, it must retain all original pleadings necessary to effectuate appellate review. If the statute is properly applied, prescreening and dismissals will occur only in cases where a prisoner has been granted indigency status. Once indigency status is granted, we presume that a case file with an assigned case number will be opened in which the original pleadings and any resulting court orders will be maintained.
Drayton, 807 So.2d at 823.
The circuit court's dismissal of appellant's complaint under section 57.085 in the present case was premature because he had not yet been adjudicated indigent. Nor would this court be able to review the propriety of the trial court's order even if appellant had been determined indigent first, as the record does not include appellant's complaint.
We reverse and remand for processing of appellant's case under the procedure described above.
Reversed and Remanded.
TAYLOR, J., concurs.
FARMER, J., dissents without opinion.