989 So.2d 744 (2008)
Lawrence Lee JONES, Appellant,
v.
Captain Ana JOSEPH, etc., Appellee.
No. 4D07-4901.
District Court of Appeal of Florida, Fourth District.
September 10, 2008.
*745 Lawrence Lee Jones, Belle Glade, pro se.
No appearance for appellee.
STEVENSON, J.
The appellant, a pro se inmate, challenges an order denying his request for indigent status and dismissing his petition for writ of mandamus. We reverse and hold that both the denial of the request for indigent status and the dismissal of the petition were improper.
Below, the appellant filed a Petition for Writ of Mandamus challenging the procedures that resulted in a determination that he was guilty of stealing from the prison's kitchen, the determination of guilt itself and the resulting sanction of the forfeiture of gain time and placement in disciplinary confinement. Along with his petition, the appellant filed an Affidavit of Indigency. The trial court entered a form order, wherein it denied the prisoner's request for indigent status, citing the appellant's failure to comply with section 57.085, Florida Statutes, and dismissed the petition, pursuant to section 57.085(6), for failure to state a claim upon which relief could be granted.
Section 57.085, Florida Statutes (2007), provides in relevant part:
(6) Before an indigent prisoner may intervene in or initiate any judicial proceeding, the court must review the prisoner's claim to determine whether it is legally sufficient to state a cause of action for which the court has jurisdiction and may grant relief. The court shall dismiss all or part of an indigent prisoner's claim which:
(a) Fails to state a claim for which relief may be granted;
(b) Seeks monetary relief from a defendant who is immune from such relief;
(c) Seeks relief for mental or emotional injury where there has been no related allegation of a physical injury; or
(d) Is frivolous, malicious, or reasonably appears to be intended to harass one or more named defendants.
. . . .
(10) This section does not apply to a criminal proceeding or a collateral criminal proceeding. (emphasis added).
Because subsection (6) of the statute speaks in terms of an "indigent prisoner," Florida's appellate courts have held that a trial court may not dismiss a prisoner's suit pursuant to subsection (6) of the statute until it has first adjudicated the prisoner indigent. See Drayton v. Moore, 807 So.2d 819, 823 (Fla. 2d DCA 2002); see also Jones v. Ferguson, 979 So.2d 1245 (Fla. 4th DCA 2008); Craft v. Holloway, 975 So.2d 620 (Fla. 4th DCA 2008); Osterback v. Turner, 837 So.2d 604 (Fla. 1st DCA 2003).
Appellant insists that the trial court violated the principles expressed in these cases and that the judge should not have "prescreened" his petition and dismissed it for failure to state a cause of action prior to making a determination regarding his indigent status. The trial court did, however, determine the appellant's indigent status. By checking box 2 on the order, the trial court "denied without prejudice" the appellant's request for indigent status for either the appellant's failure to comply with section 57.085's technical requirements or his failure to obtain leave of court as he had been adjudicated indigent two or more times in the preceding three years. We agree, though, that having failed to adjudicate the appellant *746 indigent, the trial court should not have proceeded to dismiss the appellant's petition pursuant to section 57.085(6) as subsection (6) applies only to "indigent prisoners."
More fundamentally, the trial court should not have determined the appellant's indigent status under section 57.085. By its own terms, section 57.085 applies only to an inmate's attempt to initiate civil proceedings"criminal proceeding[s]" and "collateral criminal proceeding[s]" are specifically exempted from the statute. See § 57.085(10), Fla. Stat. Appellant's Petition for Writ of Mandamus challenges the forfeiture of gain time and disciplinary confinement that resulted following a determination that he violated prison rules. An inmate's challenge to the forfeiture of gain time and his placement in disciplinary confinement are "collateral criminal proceedings" within the meaning of section 57.085(10) and thus governed not by section 57.085, but by sections 57.081 and 57.082, the general indigency statutes. See Schmidt v. McDonough, 951 So.2d 797 (Fla.2006); Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003), limited by Bush v. State, 945 So.2d 1207 (Fla.2006); Evans v. McDonough, 939 So.2d 1151 (Fla. 1st DCA 2006). As appellant's petition was not properly dismissed pursuant to section 57.085(6) and his request for indigent status was not properly considered under section 57.085, we reverse the order appealed and remand the matter to the trial court. On remand, the appellant's request for indigent status should be reconsidered under the general indigency statutes and without regard to section 57.085.
Reversed and Remanded.
WARNER and MAY, JJ., concur.