STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CRAIG A. HEBERT

VERSUS

LAWRENCE W. BLANCHETTE, ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20072592
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

MARC T. AMY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Michael G. Sullivan and Shannon James Gremillion, Judges.


**AFFIRMED.**


Philip A. Franco
Jeffrey E. Richardson
Adams and Reese
4500 One Shell Square
New Orleans, LA   70139
(504) 581-3234
COUNSEL FOR PLAINTIFF/APPELLANT:
      Craig A. Hebert

Michael P. Maraist
Maraist Law Firm
600 Jefferson Street, Suite 403
Lafayette, LA   70501
(337) 266-2230
COUNSEL FOR DEFENDANTS/APPELLEES:
      Lawrence W. Blanchette
      R. Craig Campbell
      Patrick Boudreaux

AMY, Judge.

The plaintiff, a minority shareholder in a corporation, filed suit against its officers and directors, seeking repayment of bonuses he alleged were disguised dividends. He contends that these payments would have otherwise been owed to him. The defendants filed exceptions of no cause of action and no right of action and argued that the plaintiff did not have a personal cause of action, but that any such claim would be appropriate as a derivative action. The trial court sustained the exceptions and dismissed the plaintiff's claim. The plaintiff appeals, questioning the trial court's determination that his petition sought recognition of a loss to the corporation. We affirm.

## Factual and Procedural Background

The plaintiff, Craig Hebert, filed a petition in May 2007, alleging that he was a shareholder in a firm of consulting professional engineers, Associated Design Group, Inc. (ADG). He named ADG's officers and shareholders, Lawrence W. Blanchette, R. Craig Campbell, and Patrick Boudreaux, as defendants. He did not name the remaining shareholder as a defendant. The plaintiff alleged that he was ousted as an officer or director of ADG and that he also complied with a request to resign from the firm. He asserted that his offer to sell his stock shares to ADG was refused and, thereafter, the defendants acted to "suppress amounts paid to the shareholders as such, and have increased exorbitantly employee bonuses to themselves" in an effort to "oppress" him. He contended that these actions allowed the defendants to deplete corporate assets to their individual benefit and to his detriment. As a result of the alleged breach of fiduciary duties, the plaintiff sought damages under La.R.S. 12:92 and La.R.S. 12:93. He also sought dividends and distributions commensurate with the bonuses of which he complained.

The defendants filed initial exceptions of no cause of action and no right of action, arguing that the plaintiff's allegations were only appropriate through a derivative action and that the petition did not satisfy the requirements of La.Code Civ.P. art. 615.[1] The trial court granted the exceptions, ordering the plaintiff to amend the petition to remove the grounds of the objection.

In an amended petition, the plaintiff again alleged that the defendants "granted themselves large bonuses and/or salaries to zero out all profits of ADG." He contended that, due to their actions, the defendants received corporate profits through "disguised dividends" in which he should have also participated as a shareholder. He sought to "receive from Defendants dividends that have been improperly disguised as bonuses or salaries to the Defendants." He denied that he was seeking payment for or on behalf of ADG and confirmed that he was seeking "his share of dividends from other selected shareholders who received disguised dividends."

---

[1] Louisiana Code of Civil Procedure Article 615 sets forth the requirements for a shareholder's derivative suit as follows:

The petition in a class action brought by a shareholder, partner, or member of a corporation or unincorporated association because it refuses to enforce a right which it may enforce shall:

(1)     Allege that the plaintiff was a shareholder, partner, or member at the time of the occurrence or transaction of which he complains, or that his share, partnership, or membership thereafter devolved on him by operation of law.

(2)     Allege with particularity the efforts of the plaintiff to secure from the managing directors, governors, or trustees and, if necessary, from the shareholders, partners, or members, the enforcement of the right and the reasons for his failure to secure such enforcement, or the reason for not making such an effort to secure enforcement of the right.

(3)     Join as defendants the corporation or unincorporated association and the obligor against whom the obligation is sought to be enforced.

(4)     Include a prayer for judgment in favor of the corporation or unincorporated association and against the obligor on the obligation sought to be enforced.

(5)     Be verified by the affidavit of the plaintiff or his counsel.

2

The defendants again filed exceptions of no cause of action and no right of action, asserting that the amendment to the petition did not remove the grounds of the original objection. They argued that the plaintiff's claims arose from "alleged breach of fiduciary duties" owed by officers and directors of ADG and that the damages alleged would have been suffered by ADG and its shareholders. Thus, the enforcement of the claim belonged to the corporation, not the plaintiff as an individual shareholder. Finally, the defendants asserted that the plaintiff's petition was deficient as a derivative action.

Following a hearing, the trial court sustained both the exception of no cause of action and the exception of no right of action. It dismissed the plaintiff's claim with prejudice.[2] The plaintiff appeals.

**Discussion**

In his sole assignment of error, the plaintiff asserts that: "The trial court erred in finding that Plaintiff, a minority shareholder, cannot sue Defendants, majority shareholders, for Plaintiff's share of corporate dividends disguised as 'profits' or 'salaries' that were direct losses to Plaintiff, not losses of the corporation." He suggests that possible causes of action include conversion or unjust enrichment.

Analysis of an exception of no right of action requires consideration of whether the plaintiff belongs to the class of persons to whom the law affords the cause of

---

[2] In ruling, the trial court rejected the plaintiff's assertion that he was seeking a personal loss and not one of the corporation, stating:

I do not believe you can call it dividend and so it is. I think that it is a loss of the corporation, as I thought before, and I continue to believe, this is a claim from the corporation by the corporation, if there is a claim against these three individuals for taking funds that didn't belong to them. Whether you call them dividends doesn't make them so, and you can't create an action by you calling them dividends. They are a loss to the corporation. I believe they are a loss to the corporation, and I believe the only action is a derivative action.

action alleged in the petition. *Howard v. Adm'rs of Tulane Educ. Fund*, 07-2224 (La. 7/1/08), 986 So.2d 47. The exception of no cause of action tests the legal sufficiency of the petition and is tried on the face of the pleadings. *Smith v. Cole*, 553 So.2d 847 (La.1989). In its consideration of the exception, the court accepts the alleged facts as true and determines whether any relief is available to the plaintiff if those facts are proven at trial. *Id.*

The plaintiff contends he has a personal action against the defendants. Yet, as evidenced by the petition, the causes of action alleged arise from actions taken by the corporation's officers and defendants. While La.R.S. 12:91(A) provides, in part, that officers and directors stand in a fiduciary relation to both the corporation and its shareholders, a shareholder does not generally have a right to sue personally for losses sustained by the corporation due to mismanagement or breach of fiduciary duty. *Boyer v. Stric-Lan Cos., Corp.*, 04-872 (La.App. 3 Cir. 11/10/04), 888 So.2d 1037; *Glod v. Baker*, 02-988 (La.App. 3 Cir. 8/6/03), 851 So.2d 1255, *writ denied*, 03-2482 (La. 11/26/03), 860 So.2d 1135; *Palowsky v. Premier Bancorp, Inc.*, 597 So.2d 543 (La.App. 1 Cir. 1992). Instead, La.R.S. 12:42(A)(2) provides that a corporation's lack of capacity or power to make a conveyance or transfer of property may be asserted "[i]n an action in damages by the corporation or by its receiver, trustee or other legal representative, *or by its shareholders in a derivative or representative suit*, against the incumbent or former officers or directors of the corporation[.]" (Emphasis added.)

As for liability of directors and officers for payment of dividends and distributions, La.R.S. 12:92(D) provides that:

> If any dividend shall be paid in violation of this Chapter, or if any other unlawful distribution, payment or return of assets be made to the

4

shareholders, or if the corporation purchase or redeem any of its own shares in violation of this Chapter, *the directors who knowingly, or without the exercise of reasonable care and inquiry, voted in favor thereof shall be liable jointly and severally to the corporation*, or to creditors of the corporation, or to both, in an amount equal to the amount of the unlawful distribution. An action to enforce such liability must be brought within two years from the date on which the distribution was made, and this time limit shall not be subject to suspension on any ground, nor to interruption except by timely suit.

(Emphasis added.) This suit involves distributions or payments, whether by salaries or bonuses, made by the defendants and now complained of by the plaintiff. Accordingly, pursuant to La.R.S. 12:92, those defendant/directors would be liable, upon the proper showing, "to the corporation[,]" not to individual shareholders.

The plaintiff relies on jurisprudence indicating that individual shareholders may have a personal cause of action for damages sustained *individually. See Talbot v. C & C Millworks, Inc.*, 97-1489 (La.App. 1 Cir. 6/29/98), 715 So.2d 153; *Palowsky*, 597 So.2d 543. However, any determinations made regarding payment or nonpayment of dividends would have affected all shareholders eligible for dividends, not merely the plaintiff. As addressed in La.R.S. 12:92(D), directors and officers of a corporation are liable to the *corporation* for unlawful distributions. Thus, and in light of the fact that this suit was not brought as a shareholder's derivative suit, the trial court appropriately sustained the exceptions of no right of action and no cause of action.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the appellant, Craig A. Hebert.

**AFFIRMED.**

5