PER CURIAM.
Calvin Jackson appeals the denial of his Rule 3.800(a) motion to correct illegal sentence in two cases. We affirm because the claim is not cognizable in a Rule 3.800(a) motion and is without merit.
Jackson is serving life sentences in these cases as a habitual felony offender. He contends that his life sentences are illegal because the lack of a term of years prevents the Department of Corrections from establishing a “tentative release date” for purposes of conditional release supervision under section 947.1405, Florida Statutes (1991).
An illegal sentence that can be corrected at any time under Rule 3.800(a) “must be one that no judge under the entire body of sentencing laws could possibly impose.” Wright v. State, 911 So.2d 81, 83 (Fla.2005) (citing Carter v. State, 786 So.2d 1173, 1178 (Fla.2001)). Jackson does not establish that his life sentence is illegal within the meaning of this rule.
Further, the claim lacks merit. Because Jackson is serving a life sentence, and not a term of years, he is not entitled to a tentative release date. See Tal-Mason v. State, 700 So.2d 453, 455-56 (Fla. 4th DCA 1997). Section 944.275(3)(a) provides: “The department shall also establish for each prisoner sentenced to a term of years a ‘tentative release date’ which shall be the date projected for the prisoner’s release from custody by virtue of gain-time granted or forfeited as described in this section.” (emphasis added). Simply stated, a defendant serving a life sentence does not qualify for conditional release, that is, early release due to gain time. Conionilli v. State, 58 So.3d 380, 381 n. 1 (Fla. 2d DCA 2011); see also Wemett v. State, 567 So.2d 882, 884 (Fla.1990) (stating “nor does guidelines sentencing allow Wemett to benefit from gain-time while serving a life sentence”).
Jackson’s claim that his inability to obtain early release pursuant to the gain time statute is unconstitutional cannot be raised in a Rule 3.800(a) motion. Thomas v. State, 778 So.2d 429, 430 (Fla. 5th DCA 2001).

Affirmed.

WARNER, CIKLIN and LEVINE, JJ., concur.