IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

GARRICK JOHN,

     Appellant,

v.

MICHAEL D. CREWS,
SECRETARY, FLORIDA
DEPARTMENT OF
CORRECTIONS,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-5607

Opinion filed October 13, 2014.

An appeal from the Circuit Court for Leon County.
Kevin J. Carroll, Judge.

Garrick John, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Holly N. Simcox, Assistant Attorney General, Tallahassee, for Appellee.

SWANSON, J.

This is an appeal from an order dismissing appellant's petition for writ of mandamus challenging prison disciplinary proceedings for failure to pay a $400 filing fee. We conclude that even if the lower court's reason for dismissing the

petition was incorrect, it reached the correct result because appellant could not demonstrate any constitutionally protected liberty interest was implicated in the disciplinary proceeding.

Appellant, a Florida prison inmate serving a life sentence, received a disciplinary report that resulted in forty-three days in disciplinary confinement and the forfeiture of 180 days of gain-time. After exhausting his administrative remedies, appellant filed a petition for writ of mandamus challenging the disciplinary proceedings on several grounds. The clerk of the circuit court determined that appellant was not indigent pursuant to section 57.085, Florida Statutes, and was required to pay a filing fee of $400.00 within sixty days or the case would be forwarded to the court for dismissal. The circuit court agreed with the clerk's determination that appellant was not indigent pursuant to section 57.085 and dismissed appellant's mandamus petition for failure to pay the filing fee. This appeal followed.

The lower court's dismissal of appellant's mandamus petition for failure to pay the filing fee is problematic because appellant's indigent status should not have been determined pursuant to section 57.085, which does not apply to "collateral criminal proceedings" that include challenges to the forfeiture of gain-time and placement in disciplinary confinement. Muhammad v. Crosby, 922 So. 2d 236, 239 (Fla. 1st DCA 2006); Jones v. Joseph, 989 So. 2d 744, 746 (Fla. 4th

2

DCA 2008); Thomas v. Fla. Parole Comm'n, 963 So. 2d 777, 779 (Fla. 1st DCA 2007). Rather, appellant's indigent status should have been determined pursuant to sections 57.081 and 57.082, Florida Statutes, the general indigency statutes. Jones, 989 So. 2d at 746; Thomas, 963 So. 2d at 779. Regardless, we agree with appellee that the lower court reached the correct result because appellant could not demonstrate any constitutionally protected liberty interest was implicated in the disciplinary proceedings challenged here.

In Wolff v. McDonnell, 418 U.S. 539 (1974), the United States Supreme Court held that inmates in disciplinary proceedings are entitled to certain minimum procedures under the due process clause of the federal constitution to protect their liberty interests. However, the due process clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. Meachum v. Fano, 427 U.S. 215, 224 (1976). In Sandin v. Conner, 515 U.S. 472 (1995), the Court explained that while states may under certain circumstances create liberty interests that are protected by the due process clause, such interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484 (citations omitted). In particular, the Court in Sandin held that discipline in

3

segregated confinement for thirty days did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest. Id. at 486. Based on Sandin, appellant's placement in disciplinary confinement for forty-three days did not present an atypical, significant deprivation implicating the protections of the due process clause. See Williams v. Tucker, 87 So. 3d 1270 (Fla. 1st DCA 2012) (holding that inmate failed to demonstrate any liberty interest implicating the protections of the due process clause where inmate challenged a disciplinary report that resulted in him being placed in disciplinary confinement for sixty days).

In addition, in Plymel v. Moore, 770 So. 2d 242, 248 (Fla. 1st DCA 2000), this court held that the revocation of gain-time credits is a substantive interest entitled to due process protections as articulated in Wolff and reaffirmed in Sandin. However, we conclude the revocation of gain-time does not implicate appellant's liberty interests in this case because appellant is serving a life sentence. Inmates serving life sentences are ineligible for gain-time. See Clines v. State, 912 So. 2d 550, 559 n. 5 (Fla. 2005); Wemett v. State, 567 So. 2d 882, 884 (Fla. 1990); Jackson v. State, 96 So. 3d 980, 981 (Fla. 4th DCA 2012); Smith v. McNeil, 49 So. 3d 298, 299 (Fla. 1st DCA 2010); Lewis v. State, 625 So. 2d 102, 103 (Fla. 1st DCA 1993); Burdick v. State, 584 So. 2d 1035, 1037 (Fla. 1st DCA 1991) (en banc), approved in part and quashed in part, 594 So. 2d 267 (Fla. 1992). Although

4

the Department of Corrections keeps track of gain-time for such inmates in the event the life sentence is commuted to a terms of years, see <u>Marshall v. State</u>, 796 So. 2d 631, 632 (Fla. 3d DCA 2001), such an event is too speculative to give rise to a liberty interest protected by the due process clause. <u>Osterback v. Crosby</u>, 17 Fla. L. Weekly Fed. D517 (N.D. Fla. Mar. 25, 2004).

AFFIRMED.

ROBERTS and MARSTILLER, JJ,, CONCUR.