# Third District Court of Appeal

## State of Florida

Opinion filed March 20, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2079
Lower Tribunal No. 22-21946

_____

**Evgeny Ryzhov,**
Appellant,

vs.

**Manuel A. Morales, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Mark Blumstein, Judge.

Evgeny Ryzhov, in proper person.

Victoria Méndez, City Attorney, and Eric J. Eves, Senior Appellate Counsel, for appellee, Manuel A. Morales.

Before SCALES, LINDSEY and GORDO, JJ.

GORDO, J.

Evgeny Ryzhov ("Ryzhov") appeals an order dismissing his petition for writ of mandamus. We have jurisdiction.[1] Fla. R. App. P. 9.030(b)(1)(A). Because the trial court correctly recognized it lacked the authority to order the named law enforcement agencies to investigate and prosecute certain individuals, we affirm.

Ryzhov petitioned the trial court to compel Manuel A. Morales, the Chief of the Miami Police Department, and several other law enforcement agencies[2] to investigate and prosecute various crimes he alleges were committed against him. The trial court dismissed the petition as facially insufficient, finding that requiring a law enforcement agency to conduct a criminal investigation interferes with the exercise of that law enforcement agency's discretion. This appeal followed.

On appeal, Ryzhov argues the trial court erred in dismissing his petition for writ of mandamus because he has alleged a clear legal right to performance, an indisputable legal duty and no adequate remedy at law. See Fla. Agency for Health Care Admin. v. Zuckerman Spaeder, LLP, 221

---

[1] "A trial court's dismissal of a petition for a writ of mandamus is reviewed by direct appeal." Thomas v. Fla. Parole Comm'n, 963 So. 2d 777, 778 (Fla. 1st DCA 2007).

[2] The petition also named Edward Santiago in his capacity as the Police Chief of the Sunny Isles Beach Police Department and Mark Glass in his capacity as the Commissioner of the Florida Department of Law Enforcement.

So. 3d 1260, 1263 (Fla. 1st DCA 2017) ("In order to be entitled to a writ of mandamus, the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal duty to perform the requested action, and the petitioner must have no other adequate remedy available." (quoting Putnam Cnty. Env't Council v. Johns River Water Mgmt. Dist., 168 So. 3d 296, 298 (Fla. 1st DCA 2015))).

We disagree. In Florida, "[t]here has never been a common law duty of care owed to an individual with respect to the discretionary judgmental power granted a police officer to make an arrest and to enforce the law." Everton v. Willard, 468 So. 2d 936, 938 (Fla. 1985); see also Schmitt v. State, 590 So. 2d 404, 409 (Fla. 1991) (recognizing that police forces should be given discretion to investigate the probability that a crime has occurred). To require a law enforcement agency to investigate and invoke the criminal process violates the separation of powers, "one of the structural pillars upon which American freedoms rest." Detournay v. City of Coral Gables, 127 So. 3d 869, 873 (Fla. 3d DCA 2013). To require a state attorney to charge and prosecute likewise violates this constitutional doctrine. See Trianon Park Condo. Ass'n, Inc. v. City of Hialeah, 468 So. 2d 912, 922 (Fla. 1985) (stating that a police officer's discretionary power to enforce a criminal statute is no different from the discretionary power exercised by a prosecutor in deciding

3

whether to prosecute); <u>Valdes v. State</u>, 728 So. 2d 736, 738-39 (Fla. 1999) ("This Court has long held that as the prosecuting officer, the state attorney has 'complete discretion' in the decision to charge and prosecute and the judiciary cannot interfere with this 'discretionary executive function.'" (internal citation omitted) (quoting <u>State v. Bloom</u>, 497 So. 2d 2, 3 (Fla. 1986))).

Thus, there is no clear legal right to the requested relief and the respondents here do not have an indisputable legal duty to perform the specific requested action. Moreover, because the trial court has no authority to interfere with a law enforcement agency's discretion to pursue an investigation or a state attorney's discretion in deciding whether and how to prosecute, we find the trial court did not err in dismissing Ryzhov's petition.

Affirmed.