711 So.2d 169 (1998)
Louis REED, Jr., Appellant,
v.
Sharon MIMS and the AeroThrust Corporation of Miami, Florida, Appellees.
No. 97-1048.
District Court of Appeal of Florida, Third District.
May 13, 1998.
*170 Louis Reed, Jr., in proper person.
Rex B. Guthrie, Miami, for appellees.
Before JORGENSON, COPE and SORONDO, JJ.
COPE, Judge.
Louis Reed, Jr., an indigent prisoner, appeals an order dismissing his civil action as legally insufficient under section 57.085, Florida Statutes (Supp.1996). We affirm in part and reverse in part.

I.
In 1996, the Legislature enacted section 57.085, Florida Statutes, which was designed to address a perceived problem of frivolous lawsuits filed by indigent prison inmates. See ch. 96-106, at 92, Laws of Fla. Existing Florida law provided for a waiver of costs for indigent persons. See § 57.081, Florida Statutes (1995). The premise of the 1996 legislation was that indigent inmates had abused the cost waiver by filing numerous frivolous lawsuits. See ch. 96-106, at 92, Laws of Fla.; see also Fla. H.R. Comm. on Judiciary, CS for HB 37 (1996) Staff Analysis 2 (final May 10, 1996). Part of the 1996 law, not at issue in this case, requires partial filing fee payments by inmates who have a balance in their inmate trust account.[1]
One of the specific problems identified by the Legislature in its preamble to the 1996 enactment was that "under current law frivolous inmate lawsuits are dismissible by the courts only after considerable expenditure of precious taxpayer and judicial resources...." Ch. 96-106, at 93, Laws of Fla. Accordingly the statute calls for prescreening *171 of an indigent inmate's lawsuit by the court before it is accepted for filing. It is evident that the Florida Statute is patterned after similarly worded 28 U.S.C. § 1915. See generally Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).
Insofar as pertinent here, section 57.085 provides:
(6) Before an indigent prisoner may intervene in or initiate any judicial proceeding, the court must review the prisoner's claim to determine whether it is legally sufficient to state a cause of action for which the court has jurisdiction and may grant relief. The court shall dismiss all or part of an indigent prisoner's claim which:
(a) Fails to state a claim for which relief may be granted;
(b) Seeks monetary relief from a defendant who is immune from such relief;
(c) Seeks relief for mental or emotional injury where there has been no related allegation of a physical injury; or
(d) Is frivolous, malicious, or reasonably appears to be intended to harass one or more named defendants.
Id. § 57.085(6) (emphasis added).[2] The statute applies to civil actions, not to criminal or collateral criminal proceedings. Id. § 57.085(10).
In 1996, plaintiff Reed filed a civil complaint against Sharon Mims and AeroThrust Corporation. The civil suit was referred to the trial court for review under section 57.085(6). The court ruled that no cause of action had been stated, and directed the clerk not to file the action as an indigent case. Plaintiff Reed has appealed.

II.
We conclude that count II of the complaint states a cause of action against defendant Sharon Mims. Plaintiff's sworn complaint contends that over a period of time, defendant Mims, an AeroThrust employee, obtained $5500 from plaintiff under false pretenses. Plaintiff alleges that he invented an exercise waistband which Ms. Mims promised to manufacture and market through AeroThrust. He alleges that these representations were false and were made to obtain plaintiff's money for her personal use. He claims as damages the $5500 he paid her, which he says constituted his life savings. It is our view that the above allegations state a proper claim for fraud. See Lance v. Wade, 457 So.2d 1008, 1011 (Fla.1984); 27 Fla. Jur.2d Fraud and Deceit § 7 (1981). Accordingly, count II of the complaint should not have been dismissed with respect to defendant Mims, and we reverse with respect to that count.
We point out, however, that as to defendant Mims, this has thus far been entirely an ex parte proceeding. Because the clerk was directed not to file the case, no process was ever issued, Ms. Mims has not been joined as a party, nor has Ms. Mims had an opportunity to be heard on the sufficiency of the pleadings. Our ruling is without prejudice to Ms. Mims to attack the pleadings should she have a basis to do so.

III.
In count II, plaintiff also attempts to state a cause of action against AeroThrust.[3] Plaintiff alleges that Ms. Mims was an AeroThrust employee who wrote to him on AeroThrust letterhead about this transaction and represented that the transaction would be handled through AeroThrust. Other portions of *172 count II, however, state that in reality Ms. Mims wanted the $5500 for her own personal purposes, which suggests that she acted on her own and not on behalf of AeroThrust. The correspondence is not appended to the complaint and Ms. Mims position with AeroThrust is not identified. We agree with the trial court that the plaintiff has not yet clearly indicated what his theory of liability is as to AeroThrust.
Because Florida Statute § 57.085 is patterned after federal law, federal precedent is persuasive. The United States Supreme Court has said that where it appears the deficiencies in the complaint can be remedied through more specific pleading, then the plaintiff should be afforded that opportunity. See Denton v. Hernandez, 504 U.S. at 34, 112 S.Ct. at 1734; see also Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir.1997). Although section 57.085 must be interpreted so as to accomplish its intended purpose, it must also be applied flexibly so as to allow access to courts for those with legitimate claims. Thus, where it appears that a pleading's deficiencies can be cured by an amendment, a reasonable opportunity for amendment should be allowed.
While we affirm the trial court's dismissal without prejudice of count II as to AeroThrust, plaintiff shall be given leave to file an amended complaint with respect to AeroThrust which, as we understand the statute, will trigger another section 57.085 review with respect to AeroThrust. In other words, AeroThrust need do nothing until such time as plaintiff submits an amended complaint, and the trial court after screening authorizes its filing as to AeroThrust.

IV.
With regard to both defendants, it should also be pointed out that another subdivision of the statute states that where "a prisoner has been adjudicated indigent and has been granted a full or partial waiver of court costs and fees, the court may at any time dismiss the prisoner's action in whole or in part, upon a finding that ... [t]he prisoner's action or a portion of the action is frivolous or malicious." § 57.085(8)(d), Fla. Stat. (Supp.1996).[4] Even after an indigent inmate lawsuit has been screened and filed, the statute requires early lawsuit termination should it turn out that the plaintiff's claim has no reasonable factual basis. Id. § 57.085(9)(a).[5]

V.
We affirm the trial court's dismissal of count I, a defamation claim against Ms. Mims. Plaintiff's claim is based on statements Ms. Mims allegedly made to him. Such statements are not actionable for defamation. See Fun Spree Vacations, Inc. v. Orion Ins. Co., 659 So.2d 419, 421 (Fla. 3d DCA 1995). That being so, there will be no leave to amend count I.
We affirm the trial court's dismissal of count III, which attempts to state a civil rights claim under 42 U.S.C. § 1983. Plaintiff's claim is for an alleged civil wrong where there is no state action at all. There is no basis for a section 1983 claim. See Foshee v. Health Mgmt. Assocs., 675 So.2d 957, 959-60 (Fla. 5th DCA), review denied, 686 So.2d 578 (1996); see also Polk County v. Dodson, 454 U.S. 312, 317-18, 102 S.Ct. 445, 449-50, 70 L.Ed.2d 509 (1981). There will be no leave to amend count III.

VI.
The order under review is affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
NOTES
[1] The statute calls for the inmate to make partial payments of no less than twenty percent of the average monthly balance of the prisoner's trust account. See § 57.085(4)-(5), Fla. Stat. (Supp. 1996).
[2] The Statute goes on to set forth criteria for determining whether an action is frivolous or malicious:

(9) In determining whether an action is frivolous or malicious, the court may consider whether:
(a) The prisoner's claim has no arguable basis in law or fact;
(b) The prisoner's claim reasonably appears intended solely to harass a party filed against;
(c) The prisoner's claim is substantially similar to a previous claim in that it involves the same parties or arises from the same operative facts as a previous claim;
(d) The prisoner's claim has little likelihood of success on its merits; or
(e) The allegations of fact in the prisoner's claim are fanciful or not credible.
Id. § 57.086(9).
[3] At some point AeroThrust became aware of the proceedings, and submitted a brief in this appeal.
[4] For the statutory criteria for "frivolous or malicious," see supra note 2.
[5] Other provisions of the 1996 enactment authorize forfeiture of gain time for the filing of a frivolous or malicious suit. See §§ 944.279, 944.28, Fla. Stat. (Supp.1996) (enacted by ch. 96-106 §§ 5-6, Laws of Fla.).