BARFIELD, C. J.
Appellant, an indigent prisoner, challenges the trial court’s order sua sponte dismissing his tort complaint against a grocery store under the authority of section 57.085, Florida Statutes (1997). We reverse.
As noted in Reed v. Mims, 711 So.2d 169, 170 (Fla. 3d DCA 1998), section 57.085 was enacted in 1996, to address “a perceived problem of frivolous civil lawsuits filed by indigent prison inmates” and provides, in pertinent part:
(6) Before an indigent prisoner may intervene in or initiate any judicial proceeding, the court must review the prisoner’s claim to determine whether it is legally sufficient to state a cause of action for which the court has jurisdiction and may grant relief. The court shall dismiss all or part of an indigent prisoner’s claim which:
(a) Fails to state a claim for which relief may be granted;
(b) Seeks monetary relief from a defendant who is immune from such relief;
(c) Seeks relief for mental or emotional injury when there has been no related allegation of physical injury; or
(d) Is frivolous, malicious, or reasonably appears to be intended to harass one or more named defendants.
[[Image here]]
(9) In determining whether an action is frivolous or malicious, the court may consider whether:
(a) The prisoner’s claim has no arguable basis in law or fact;
(b) The prisoner’s claim reasonably appears intended solely to harass a party filed against;
(c) The prisoner’s claim is substantially similar to a previous claim in that it involves the same parties or arises from the same operative facts as a previous claim;
(d) The prisoner’s claim has little likelihood of success on its merits; or
(e) The allegations of fact in the prisoner’s claim are fanciful or not credible.
In Reed, the court observed that federal precedent is persuasive in construing section 57.085, which “is patterned after similarly worded 28 U.S.C. § 1915.” Id. at 170-72. In Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), and in Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), the Supreme Court construed subsection 1915(d), which allowed federal district courts to dismiss an informa pauper-is complaint “if satisfied that the action is frivolous or malicious.” In Neitzke, the Court held that such a complaint “is frivolous where it lacks an arguable basis either in law or in fact,” and that the term “frivolous” in this context “embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.” It held that the federal statute “accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint’s factual allegations and dismiss those claims whose factual contentions are clearly baseless,” giving as examples of the latter “claims describing fantastic or delusional scenarios, claims with which federal judges are all too familiar.” In Denton, the Court held that the standard of review of the dismissal of an in forma pauperis complaint on grounds of frivolousness is whether there has been an “abuse of discretion” and that the trial court is not bound in such a determination to accept without question the truth of the plaintiffs allegations, but that the initial assessment of frivolousness in such cases must be weighted in favor of the plaintiff and the frivolousness determination “cannot serve as a fact-finding process for resolution of disputed facts.” It ruled that the trial court may dismiss a claim as factually frivolous only if the facts alleged are “clearly baseless,” a category encompass *572 ing allegations that are “fanciful,” “fantastic,” “delusional,” “irrational or wholly incredible,” and that a claim may not be dismissed as frivolous “simply because the court finds the plaintiffs allegations unlikely.” It ruled that “if it appears that frivolous factual allegations could be remedied through more specific pleading, a court of appeals reviewing a § 1915(d) disposition should consider whether the district court abused its discretion by dismissing the complaint with prejudice or without leave to amend.”
In 1996, after Denton and Neitzke, the federal statute was amended by the Prisoner Litigation Reform Act (PLRA) “to discourage frivolous and abusive prison lawsuits.” See Walp v. Scott, 115 F.3d 308, 309 (5th Cir.1997). Inter alia, section 1915(e)(2) removed some of the trial court’s discretion by requiring dismissal of a prisoner’s informa pauperis complaint if the court determines that it “is frivolous or malicious,” that it “fails to state a claim upon which relief may be granted,” or that it “seeks monetary relief against a defendant who is immune from such relief.” In Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir.1996), the court construed PLRA as intended “only to penalize litigation that is truly frivolous, not to freeze out meritorious claims or ossify district court errors.” In Moore v. Carwell, 168 F.3d 234 (5th Cir.1999), the court applied a de novo standard of review to dismissals under the amended version of section 1915, noting that in determining whether dismissal is proper, an appellate court must assume that all of the plaintiffs factual allegations are true and may uphold the dismissal of the claim “only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations,” citing McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 160 (5th Cir.1996).
In Gomez v. USAA Federal Savings Bank, 171 F.3d 794 (2d Cir.1999), the court found that the record was insufficient to support dismissal of the informa pauperis complaint as “frivolous or malicious,” but that the complaint “fails to state a claim on which relief may be granted.” It observed that although the language of section 1915 is mandatory, “we conclude that a pro se plaintiff who is proceeding in forma pauperis should be afforded the same opportunity as a pro se fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.” Similarly, the Florida court in Reed held that “[ajlthough section 57.085 must be interpreted so as to accomplish its intended purpose, it must also be applied flexibly so as to allow access to courts for those with legitimate claims” and that “where it appears that a pleading’s deficiencies can be cured by an amendment, a reasonable opportunity for amendment should be allowed.” 711 So.2d at 172.
We find that the record in this case does not support the trial court’s finding that the complaint is “frivolous, malicious and intended to harass this Defendant.” We further find that appellant cannot constitutionally be denied access to courts based upon the trial court’s finding that his claim “has little likelihood of success on its merits,” notwithstanding the language of section 57.085(9)(d). While it is arguable that the trial court could have dismissed the complaint on the grounds that it failed to state a claim upon which relief may be granted, because it contained no allegations that the actions of the named employees of Food World were within the course and scope of their employment or were in furtherance of Food World’s business, no allegations regarding the three “John Doe” employees referenced in the complaint, and no allegation of agency to support the claim that Food World was vicariously liable for the actions of the Sheriffs deputy named in the complaint, we cannot rule out the possibility that an amended complaint would succeed in stating one or more claims.
*573 Under these circumstances, dismissal with prejudice for lack of legal sufficiency was improper. The order is REVERSED and the case is REMANDED to the trial court for further proceedings.
ERVIN and WOLF, JJ„ CONCUR.