855 So.2d 106 (2003)
ERNIE PASSEOS, INC. d/b/a Liberty Harley Davidson, Appellant,
v.
Kevin O'HALLORAN, as trustee for Keller Financial Services of Florida, Inc., and Keller Financial Services, Inc., Appellees.
No. 2D02-2892.
District Court of Appeal of Florida, Second District.
July 9, 2003.
Rehearing Denied October 7, 2003.
*107 Peter M. Feaman of Buckingham, Doolittle & Burroughs, LLP, Boca Raton, for Appellant.
Mark J. Bernet and Jon T. Gatto of Buchanan Ingersoll, P.C., Tampa, for Appellees.
CANADY, Judge.
Ernie Passeos, Inc. (Passeos), an Ohio corporation, appeals a nonfinal order of the circuit court in Pinellas County determining that the court had personal jurisdiction over Passeos in an action for conversion filed against Passeos by Keller Financial Services, Inc. (Keller), a Florida corporation. Because we conclude that Passeos committed no tortious act in Florida and therefore is not subject to the "long-arm" jurisdiction of Florida's courts, we reverse.
The origin of this case was the sale of ten Harley Davidson motorcycles by the now defunct Bennett Motorcycles, Inc. (Bennett), a Florida corporation that operated a Harley Davidson dealership in Pinellas County, to Passeos, which operated a similar dealership in Ohio. Passeos placed an order for these motorcycles from its offices in Ohio and paid Bennett in full for the motorcycles after receiving them. More than three years following this purchase, Passeos received a demand from Keller, Bennett's former floor plan financier which had perfected a security interest in the motorcycles and in the proceeds of their sale, for either the return of the motorcycles or the return of the proceeds. *108 That demand was sent to and received by Passeos at its place of business in Ohio. Keller alleged that Bennett failed to forward Passeos's payment for the motorcycles to Keller, as Bennett was contractually obligated to do, and that Keller's security interest in those motorcycles had therefore not been terminated. Following Passeos's refusal of the demand, Keller sued Passeos.
In response to Passeos's motion to dismiss the action for lack of jurisdiction, Keller asserted that Passeos was subject to the jurisdiction of the Florida courts under section 48.193(1)(b), Florida Statutes (2001), which provides for jurisdiction over any person "[c]ommitting a tortious act within this state." The trial court agreed with Keller and denied Passeos's motion to dismiss. Keller now argues on appeal that Passeos committed a tortious actnamely conversionin Florida by acquiring the motorcycles when it had at least constructive knowledge of Keller's security interest.
"A trial court's ruling on a motion to dismiss based on a question of law is subject to de novo review." Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582, 584 (Fla.2000). Here the question of law for our determination is whether the allegations made by Keller are a sufficient basis for the assertion of long-arm jurisdiction under section 48.193(1)(b). Because we conclude that the complaint does not "allege sufficient jurisdictional facts to bring the action within the ambit of the [s]tatute," we need not reach the additional issue of "whether sufficient `minimum contacts' are demonstrated to satisfy [the federal] due process requirements" for the exercise of long-arm jurisdiction. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989) (quoting Unger v. Publisher Entry Serv., Inc., 513 So.2d 674, 675 (Fla. 5th DCA 1987)).
In most circumstances, "[a] buyer in ordinary course of business ... takes free of a security interest created by his or her seller even though the security interest is perfected and even though the buyer knows of its existence." § 679.307(1), Fla. Stat. (1997). A person who buys goods in a "transfer in bulk" or with knowledge that the sale is "in violation of the ... security interest of a third party in the goods" is not a "`[b]uyer in ordinary course of business.'" § 671.201(9), Fla. Stat. (1997). Keller alleges that the sale of the ten motorcycles was a transfer in bulk and that Passeos accordingly did not take title to the motorcycles free of Keller's security interest. But, even if the motorcycles acquired by Passeos did remain subject to Keller's security interest, that fact would not establish that Passeos committed a tortious act within this state by purchasing the motorcycles.
Any possessory right Keller may have had in the motorcycles under its security interest had not been exercised by Keller at the time Passeos acquired the motorcycles and they were transported to Ohio. Indeed, Keller did not attempt to exercise a possessory right in the motorcyclesby demanding that Passeos surrender them until more than three years after the purchase from Bennett. It was only then when Passeos refused to surrender the motorcyclesthat a possible basis for a conversion claim by Keller arose. Keller in effect acknowledges this in the allegation of its complaint that "[b]y refusing to surrender possession of the [motorcycles] or their proceeds to [Keller], [Passeos] has converted the motorcycles and proceeds to its own use."
The "essence of conversion" is the possession of property "in conjunction with a present intent on the part of the *109 wrongdoer to deprive the person entitled to possession of the property, which may be, but is not always, shown by demand and refusal." Senfeld v. Bank of Nova Scotia Trust Co., 450 So.2d 1157, 1161 (Fla. 3d DCA 1984). Of course, there may be liability for conversion even when the property was obtained without a specific wrongful intent. Seymour v. Adams, 638 So.2d 1044, 1047 (Fla. 5th DCA 1994) (stating that conversion "may be established despite evidence that the defendant took or retained property based upon the mistaken belief that he had a right to possession, since malice is not an essential element of the action"). But ordinarily a cause of action for conversion will arise only after the person entitled to possession demands possession, thereby giving the person in possession actual notice of the rights of the person who is legally entitled to possession. Shelby Mut. Ins. Co. v. Crain Press, Inc., 481 So.2d 501, 503 (Fla. 2d DCA 1986) (citing Senfeld and stating that "[a] conversion occurs when a person who has a right to possession of property demands its return and the demand is not or cannot be met," but that "demand and refusal are unnecessary" where they "would be futile").
In the circumstances of this case, where the purchaser made full payment for the property to the seller, a tortious intent to deprive Keller of its asserted right of possession aroseif at allonly when Passeos refused to surrender the property in response to Keller's demand for possession. And that refusal took place not in Florida, but in Ohio where Passeos received Keller's demand. The mere fact that an injury to a Florida resident may have resulted is insufficient to establish jurisdiction in the Florida courts. Tex. Guaranteed Student Loan Corp. v. Ward, 696 So.2d 930, 932 (Fla. 2d DCA 1997) (stating that "[t]he occurrence of injury alone in Florida does not satisfy section 48.193(1)(b)"). Accordingly, the allegations made by Keller are insufficient to establish jurisdiction over Passeos in the Pinellas County circuit court and the complaint against Passeos must be dismissed.
We remand this case with instructions that it be dismissed as to Ernie Passeos, Inc., without prejudice to the refiling of the cause in an appropriate jurisdiction.
Reversed and remanded with instructions.
WHATLEY and SALCINES, JJ., concur.