COHEN, J.
 

 Randy James filed a complaint asserting claims for medical malpractice and negligence against individual employees of the Lake County jail due to injuries he sustained there when he fell down the stairs. Pursuant to section 57.085(6), Florida Statutes (2009), the trial court reviewed the complaint to determine whether it stated a cause of action. Finding it was frivolous, the trial court dismissed the complaint with prejudice. This court’s review is de novo.
 
 Gladstone v. Smith,
 
 729 So.2d 1002, 1003 (Fla. 4th DCA 1999).
 

 After reviewing the complaint, we agree it was subject to dismissal, but disagree it was frivolous or should have been dismissed with prejudice. The complaint attempted to allege separate claims for negligence and medical malpractice.
 
 [1]
 
 
 *1226
 
 Viewing the allegations in the light most favorable to James, we conclude the complaint adequately alleged an action for negligence based on his placement in a second floor cell. However, this claim had to be dismissed because a mere negligence action may not be maintained against the individual employees of the Lake County jail.
 
 See
 
 § 768.28, Fla. Stat. (2009).
 

 Regarding his medical malpractice claim, James failed to comply with section 766.203, Florida Statutes (2009), and therefore, this claim also had to be dismissed.
 
 See Anderson v. Wagner,
 
 955 So.2d 586, 590 (Fla. 5th DCA 2006). Because James may be able to correct these defects, we reverse the dismissal of his complaint with prejudice and remand to allow him to file an amended complaint. The amended complaint will also be subject to preliminary review under section 57.085(6).
 
 See Reed v. Mims,
 
 711 So.2d 169, 172 (Fla. 3d DCA 1998).
 

 REVERSED and REMANDED.
 

 PALMER and ORFINGER, JJ., concur.
 

 [1]
 

 . It is clear the trial court believed James was only attempting to assert a medical malprac
 
 *1226
 
 tice action. This was undoubtedly due to James’ confusing and somewhat inconsistent allegations.