NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GLENN SPRADLEY,                          )
                                         )
         Appellant,                      )
                                         )
v.                                       )         Case No. 2D15-4850
                                         )
DERRICK SPRADLEY, JAMES                  )
SPRADLEY, and THE ESTATE OF              )
RUBY LEE FULLER/WATERS,                  )
                                         )
         Appellees.                      )
                                         )
_____  )

Opinion filed March 8, 2017.

Appeal from the Circuit Court for Pinellas
County; Jack St. Arnold, Judge.

Glenn Spradley, pro se.

No appearance for Appellees, Derrick
Spradley, James Spradley, and The Estate
of Ruby Lee Fuller/Waters.


WALLACE, Judge.

          Glenn Spradley, an indigent prisoner, appeals an order dismissing his civil

action as legally insufficient under section 57.085(6), Florida Statutes (2015).  In his

complaint, Mr. Spradley alleged that the estate of his mother, Ruby Lee Fuller/Waters

(the "mother"), and his brothers, Derrick and James Spradley (the "brothers"), converted

his property.  Because Mr. Spradley stated a valid cause of action for the tort of

conversion and should have been granted leave to amend his complaint against his mother's estate, we reverse.

According to the allegations in his complaint,[1] Mr. Spradley gave all of his legal documents and papers concerning his criminal and civil cases to his mother to store at her home. The value of these papers allegedly exceeded $15,000.[2] Upon his mother's death in June of 2014, Mr. Spradley's brothers were left with possession of their mother's home and his legal documents. When Mr. Spradley demanded the return of the documents from his brothers and his mother's estate, they purportedly failed or refused to do so and, thereby, converted his property. The trial court dismissed the complaint for failure "to state a claim for which relief may be granted" under section 57.085(6).[3]

---

[1]The original complaint was not a part of the record but was included in the appendix to Mr. Spradley's initial brief. We remind the trial court that it "must retain all original pleadings necessary to effectuate appellate review" before dismissing a case under section 57.085. Drayton v. Moore, 807 So. 2d 819, 823 (Fla. 2d DCA 2002); see also Osterback v. Turner, 837 So. 2d 604, 605 (Fla. 1st DCA 2003).

[2]To state a valid cause of action for conversion, it does not matter whether the specific property that is converted has any actual value. See Warshall v. Price, 629 So. 2d 903, 904 (Fla. 4th DCA 1993) ("Conversion is an appropriate cause of action even if the specific property 'converted' has no actual value."); see also Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245, 1259 (11th Cir. 2015) (applying Florida law).

[3]Section 57.085(6) allows the trial court to dismiss all or part of an indigent prisoner's claims if it finds that the action fails to state a cause of action, seeks monetary relief from a defendant immune from suit, or seeks relief for mental or emotional injury where there is no allegation of physical injury. The statute further provides that . . . the court may dismiss the action in whole or in part on a

Because whether a complaint should be dismissed is a question of law, we review a trial court's decision to dismiss a complaint de novo.  See J.W.T. v. S.T., 974 So. 2d 436, 437 (Fla. 2d DCA 2007) (citing Al-Hakim v. Holder, 787 So. 2d 939, 941 (Fla. 2d DCA 2001)); see also Ernie Passeos, Inc. v. O'Halloran, 855 So. 2d 106, 108 (Fla. 2d DCA 2003); Hall v. Knipp, 982 So. 2d 1196, 1198 (Fla. 1st DCA 2008).  "In ruling on a motion to dismiss, the trial court must confine itself to the four corners of the complaint, accept the allegations of the complaint as true, and construe the allegations in the light most favorable to the plaintiff."  Nelson v. Hillsborough Cty., 189 So. 3d 1037, 1040 (Fla. 2d DCA 2016) (quoting Brooke v. Shumaker, Loop & Kendrick, LLP, 828 So. 2d 1078, 1080 (Fla. 2d DCA 2002)).

"Conversion occurs when a person asserts a right of dominion over chattel which is inconsistent with the right of the owner and deprives the owner of the right of possession."  Estate of Villanueva ex rel. Villanueva v. Youngblood, 927 So. 2d 955, 959 (Fla. 2d DCA 2006) (quoting Ming v. Interamerican Car Rental, Inc., 913 So. 2d 650, 654 (Fla. 5th DCA 2005)); see also Edwards v. Landsman, 51 So. 3d 1208, 1213 (Fla. 4th DCA 2011) ("Conversion is an 'act of dominion wrongfully asserted over another's property inconsistent with his ownership therein.' " (quoting Warshall v. Price, 629 So. 2d 903, 904 (Fla. 4th DCA 1993))).  In other words, "to state a claim for conversion, one must allege facts sufficient to show ownership of the subject property and facts that the other party wrongfully asserted dominion over that property."  Edwards, 51 So. 3d at 1213.  For instance, a conversion of property may occur when "a

_____

finding that the prisoner's claim of indigence is false or if the action is frivolous or malicious.

Fla. Parole Comm'n v. Spaziano, 48 So. 3d 714, 718 n.5 (Fla. 2010) (citation omitted).

- 3 -

person with a right to possess property demands its return, and the demand is not or cannot be met." Day v. Amini, 550 So. 2d 169, 171 (Fla. 2d DCA 1989); see also Ernie Passeos, 855 So. 2d at 108-09 ("The 'essence of conversion' is the possession of property 'in conjunction with a present intent on the part of the wrongdoer to deprive the person entitled to possession of the property, which [intent] may be, but is not always, shown by demand and refusal.' " (quoting Senfeld v. Bank of Nova Scotia Tr. Co. (Cayman) Ltd., 450 So. 2d 1157, 1161 (Fla. 3d DCA 1984))); Mayo v. Allen, 973 So. 2d 1257, 1259 (Fla. 1st DCA 2008); Bookworld Trade, Inc. v. Daughters of St. Paul, Inc., 532 F. Supp. 2d 1350, 1363 (M.D. Fla. 2007) (applying Florida law).

Here, accepting the complaint's allegations as true and drawing all reasonable inferences in favor of Mr. Spradley, we find that Mr. Spradley alleged a valid cause of action for the tort of conversion against his brothers. Mr. Spradley pleaded sufficient facts to show that he had ownership and possessory rights to the legal documents and papers in question. He also alleged that his brothers had possession of the documents and converted them by failing to return them or refusing to do so upon his demand. Such allegations are facially sufficient to state a valid cause of action for conversion. Indeed, we note that Mr. Spradley's allegations surpass the minimum requirements to plead a cause of action for conversion. See Amendments to the Fla. Rules of Civil Procedure, 773 So. 2d 1098, 1143 (Fla. 2000) (Form 1.939 Conversion). Accordingly, the trial court erred in dismissing Mr. Spradley's complaint against his brothers.

Furthermore, to the extent that Mr. Spradley attempted to sue his mother's estate, we find that the trial court erred in failing to grant Mr. Spradley leave to amend

- 4 -

his complaint to substitute the proper party. Although there does not seem to be a Florida case directly on point, it is well-settled that "an 'Estate' is not an entity that can be a party to litigation. It is the personal representative of the estate, in a representative capacity, that is the proper party." Ganske v. Spence, 129 S.W.3d 701, 704 n.1 (Tex. App. 2004) (citations omitted); see also § 733.608, Fla. Stat. (2016) (describing the general power of the personal representative); Reopelle v. Reopelle, 587 So. 2d 508, 512 (Fla. 5th DCA 1991) (highlighting that only the personal representative of a decedent's estate would have the right to intervene in litigation for the benefit of all the beneficiaries of the decedent's estate); 31 Am. Jur. 2d Executors and Administrators § 1141 (2016) ("Since estates are not natural or artificial persons, and they lack legal capacity to sue or be sued, an action against an estate must be brought against an administrator or executor as the representative of the estate."); 18 Fla. Jur. 2d Decedents' Property § 721 (2016) (same). Here, Mr. Spradley not only failed to sue the proper party, but he also failed to allege that the estate had been opened and a personal representative appointed. Despite these deficiencies, the trial court should have granted Mr. Spradley leave to amend his complaint before dismissing his action. See Coby v. Food World, Inc., 746 So. 2d 570, 572 (Fla. 1st DCA 1999); Reed v. Mims, 711 So. 2d 169, 172 (Fla. 3d DCA 1998) ("[W]here it appears that a pleading's deficiencies can be cured by an amendment, a reasonable opportunity for amendment should be allowed.").

For the foregoing reasons, we reverse the trial court's order dismissing Mr. Spradley's complaint and remand for further proceedings consistent with this opinion.

Reversed and remanded.

CASANUEVA and LUCAS, JJ., Concur.