# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1590

_____

CAPTAIN ROMINE, SGT. T.J.
LINGO, JULIE L. JONES,
Secretary of The Florida
Department of Corrections, and
WARDEN COKER,

     Petitioners,

     v.

DERRICK ALLEN,

     Respondent.

_____

Emergency Petition for Writ of Mandamus—Original
Jurisdiction.

December 28, 2018

PER CURIAM.

This petition for writ of mandamus seeks to compel the trial court to apply section 57.085(6), Florida Statutes (2017), to a complaint pending against Petitioners. Because Petitioners have not established that they lack an adequate legal remedy, we deny the petition.

Respondent Allen, a prisoner, filed a six-count complaint against Petitioners in August 2016. He was declared indigent, and

summons issued. Petitioners moved to dismiss the complaint. The trial court granted the motion, dismissing the complaint with leave to amend. Respondent then filed a ten-count amended complaint. Petitioners moved to dismiss the amended complaint. The trial court denied the motion and permitted Respondent to amend the complaint again. Respondent then filed a second amended complaint raising fifteen claims against each Petitioner (sixty claims in all). Petitioners did not move to dismiss this complaint, but filed an answer instead.[*] The trial court set an ambitious discovery schedule and scheduled the trial to begin less than sixty days later.

Petitioners moved to continue the trial, asserting that the case was not ready for trial because the claims in the second amended complaint had not been screened as required by section 57.085(6), Florida Statutes. At a case management conference, the court denied the motion, finding Petitioners had not shown good cause for a continuance. When counsel for Petitioners inquired whether the court had screened the claims in the second amended complaint, the trial court responded that the statute related only to initiation of the case, and therefore the trial court complied with the statute by screening the claims in the original complaint.

Petitioners then filed a petition for writ of mandamus in this Court, seeking to require the trial court to screen the claims in the second amended complaint in compliance with section 57.085(6), Florida Statutes, which provides as follows:

> Before an indigent prisoner may intervene in or initiate any judicial proceeding, the court must review the prisoner's claim to determine whether it is legally sufficient to state a cause of action for which the court has jurisdiction and may grant relief. The court shall dismiss all or part of an indigent prisoner's claim which:

---

[*] Petitioners later filed a motion for summary judgment that the trial court originally deemed to be untimely. The trial court ruled on the motion while the mandamus petition was pending in this Court.

2

(a) Fails to state a claim for which relief may be granted;
(b) Seeks monetary relief from a defendant who is immune from such relief;
(c) Seeks relief for mental or emotional injury where there has been no related allegation of a physical injury; or
(d) Is frivolous, malicious, or reasonably appears to be intended to harass one or more named defendants.

"One seeking a writ of mandamus must show that he has a clear legal right to the performance of a clear legal duty by a public officer, and that he has no other available legal remedies." *Plymel v. Moore*, 770 So. 2d 242, 246 (Fla. 1st DCA 2000). "Mandamus may be used only to enforce a clear and certain right; it may not be used to establish such a right, but only to enforce a right already clearly and certainly established in the law." *Id.* Here, Petitioners had a clear legal right for the trial court to perform a clear legal duty under the statute.

The plain language of the statute provides that the court "must" review an indigent prisoner's "claim" and "shall" dismiss all or part of the "claim" that runs afoul of the statute. The trial court here determined that its duty to screen claims under the statute was limited to screening the claims in the original complaint. We disagree with the trial court's interpretation of the statute, and we agree with the other district courts that have held that the statute requires trial courts to screen claims in amended complaints, not just those set forth in the original complaints. *See Reed v. Mims*, 711 So. 2d 169, 172 (Fla. 3d DCA 1998) (affirming the dismissal of the original complaint, but concluding that plaintiff was entitled to leave to file an amended complaint, which "will trigger another section 57.085 review" by the trial court). *See also James v. Goryl*, 62 So. 3d 1225, 1226 (Fla. 5th DCA 2011) (observing that an "amended complaint will also be subject to preliminary review under section 57.085(6)").

As the Third District recognized in *Reed*, section 57.085 was enacted in part to allow dismissal of frivolous inmate lawsuits to avoid the unnecessary expenditure of taxpayer and judicial

3

resources. 711 So. 2d at 170-71 ("One of the specific problems identified by the Legislature in its preamble to the 1996 enactment was that 'under current law frivolous inmate lawsuits are dismissible by the courts only after considerable expenditure of precious taxpayer and judicial resources . . . .' Ch. 96-106, at 93, Laws of Fla. Accordingly the statute calls for prescreening of an indigent inmate's lawsuit by the court before it is accepted for filing."). Here, Respondent added forty new claims between the time he filed the original complaint and the second amended complaint. The trial court was required to screen these new claims, no less than the claims set forth in the original complaint, to perform the gatekeeping function that section 57.085(6) requires.

But while the Petitioners have demonstrated that they had a clear legal right for the trial court to perform a clear legal duty under the statute, Petitioners have failed to establish that they lack other available legal remedies. This is because pursuant to the statute, the trial court may screen a claim set forth in a complaint at any time, even before the plaintiff has accomplished service of process. *See Hall v. Knipp*, 982 So. 2d 1196, 1199 (Fla. 1st DCA 2008) (noting that "[t]he statute calls for court review before any judicial proceeding is initiated, and the trial court conscientiously complied by conducting its review before authorizing any service of process"). Thus, the trial court's duty to screen claims begins once a complaint is filed, and we conclude that the duty to screen claims in compliance with the statute remains until the trial court has performed the required review. Nothing prevents a defendant from seeking a ruling from the trial court as to whether a claim should be dismissed on grounds that the claim is not legally sufficient.

Here, although Petitioners raised the screening issue during a case management conference after the second amended complaint was filed, Petitioners never sought a ruling on the legal sufficiency of those claims. Thus, because Petitioners have an adequate remedy at law available to them and have not met the standard for this Court to grant mandamus relief, we deny the petition.

ROWE, BILBREY, and KELSEY, JJ., concur.

4

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Pamela Jo Bondi, Attorney General, and Erik Kverne, Assistant Attorney General, Tallahassee, for Petitioners.

James V. Cook of the Law Office of James Cook, Tallahassee, for Respondent.