18-1054-cv
Raymond Loubier Irrevocable Tr. v. Loubier

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand nineteen.

PRESENT:  PIERRE N. LEVAL,
                  RAYMOND J. LOHIER, JR.,
                          *Circuit Judges,*
                  LEWIS A. KAPLAN,*
                          *District Judge.*

------------------------------------------------------------------

RAYMOND LOUBIER IRREVOCABLE TRUST,
NOELLA LOUBIER IRREVOCABLE TRUST,
ESTATE OF GERVAIS A. LOUBIER,

      *Plaintiffs-Appellants,*

    v.                             No. 18-1054-cv

NOELLA LOUBIER, RAYMOND LOUBIER

---

* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

REVOCABLE TRUST, NOELLA LOUBIER
REVOCABLE TRUST,

*Defendants-Appellees.*†

-----------------------------------------------------------------

| FOR APPELLANTS: | EDDI ZYBER ZYKO, Middlebury, CT. |
|---|---|
| FOR APPELLEES: | HOWARD M. CAMERIK, Gray Robinson, P.A., Fort Lauderdale, FL (Jeffrey P. Mueller, Day Pitney LLP, Hartford, CT, *on the brief*). |

Appeal from a judgment of the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiffs appeal from a judgment of the District Court (Eginton, J.) dismissing their case rather than transferring it to the Southern District of Florida. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

---

† The Clerk of Court is directed to amend the official caption as shown above.

The District Court did not abuse its discretion when it opted to dismiss rather than transfer the Plaintiffs' case.   See Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993).   In deciding whether it would be in the "interest of justice" to transfer the case to a court with proper jurisdiction, the District Court was entitled to consider (1) whether the claim would be meritless "in the court that has jurisdiction"—that is, the United States District Court for the Southern District of Florida, Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 436 (2d Cir. 2005) (quotation marks omitted), and (2) the Plaintiffs' diligence in choosing a proper forum, Spar, Inc. v. Info. Res., Inc., 956 F.2d 392, 394 (2d Cir. 1992).

Both of these factors counseled against transfer here.

First, the Plaintiffs' case is meritless under Florida law: Neither their trusts nor their estates are distinct legal entities under Florida law capable of bringing suit on their own behalf or being a party to litigation.   Raymond Loubier Irrevocable Tr. v. Loubier, 858 F.3d 719, 730 (2d Cir. 2017); Tennyson v. ASCAP, 477 F. App'x 608, 611 (11th Cir. 2012) ("Under Florida law the only party who has the capacity to sue on behalf of an estate is the duly appointed legal representative of the estate."); Spradley v. Spradley, 213 So. 3d 1042, 1045 (Fla.

3

Dist. Ct. App. 2017); 18 Fla. Jur. 2d Decedents' Property § 721. Even if the Plaintiffs did have the capacity to sue, none has a claim for an accounting under Florida law because none is owed a fiduciary duty by any of the Defendants—by virtue, for example, of being a beneficiary of a trust. See Zaki Kulaibee Establishment v. McFliker, 771 F.3d 1301, 1311 (11th Cir. 2014); see Loubier, 858 F.3d at 723–24 & n.4.

Second, the District Court did not err in determining that the Plaintiffs lacked diligence with their choice of a proper forum. Soon after the Plaintiffs first filed their claim in 2013, the Defendants argued that the District Court lacked personal jurisdiction. The Plaintiffs now concede that the facts do not establish personal jurisdiction over the Defendants.

We have considered the Plaintiffs' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4