DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANGEL E. GASTÓN,**
Appellant,

v.

**NNN INVESTMENT ADVISORS, LORRIE GEOFFREY,** and
**RICHARD GRONDIN,**
Appellees.

No. 4D22-2906

[May 3, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Kerner, Judge; L.T. Case No. 50-2022-CA-007374-XXXX-MB.

Angel E. Gastón, Tavares, pro se.

No appearance for appellees.

CONNER, J.

Angel E. Gastón ("Gastón") appeals the circuit court's dismissal with prejudice of his indigent prisoner complaint pursuant to mandatory prescreening under section 57.085(6), Florida Statutes (2022). The circuit court found his claims were either time barred or reasonably appeared to be intended to harass Defendants/Appellees NNN Investment Advisors ("NNN"), Lorrie Geoffrey, and Richard Grondin (collectively, "Defendants"). Of the four claims Gastón raised in his complaint, we affirm the circuit court's dismissal of three of them. Gastón concedes on appeal that the circuit court properly dismissed his claim for unjust enrichment, and we therefore affirm as to that claim without further comment. We also affirm as to Gastón's claims for civil conspiracy to defraud and intentional infliction of emotional distress, as he failed to preserve his arguments on appeal by raising them before the circuit court. However, we reverse the circuit court's dismissal with prejudice of his breach of contract claim, as the circuit court erred in finding that the complaint was reasonably intended to harass Defendants under section 57.085(6)(d).

*Background*

Gastón filed a civil complaint against Defendants for breach of contract, civil conspiracy to defraud, unjust enrichment, and intentional infliction of emotional distress. The complaint alleges as follows.

Gastón worked for NNN as a real estate associate and independent contractor pursuant to an employment and commission contract. The contract provided for a 50/50 split on commissions earned by NNN where Gastón was the procuring cause of the sale.

In 2017, Gastón negotiated and was the procuring cause of the sale of a building for a substantial sum. Due to "an unforeseen hospitalization," Gastón was unable to attend the closing. He alleged he was unable to notify Defendants of his hospitalization until after being discharged.

When Gastón reached out to Defendants after his hospitalization, he learned that due to his absence in the days leading up to the closing, as well as at the closing itself, Defendants had decided to reduce his share of the commission. Additionally, instead of a lump sum payment, Defendants stated his reduced commission would be paid in monthly installments over the course of a year.

Upset by this decision, Gastón began "repeatedly demanding payment of [his] commission," which led to criminal charges against him. Eventually, Defendants sent Gastón a letter of termination, stating that they would not be paying him any portion of the commission.

Although not alleged in the complaint, the appellate record reveals that Gastón's demands for payment and aggressive behavior towards Defendants resulted in Gastón being charged and convicted of aggravated stalking and threats or extortion. Gastón was sentenced to prison for the charges. Gastón filed his civil complaint while in prison.

The complaint was accompanied by an affidavit of indigency. The clerk of court determined that Gastón was indeed indigent and a prisoner, which prompted the circuit court to sua sponte prescreen his complaint pursuant to section 57.085(6).

Pursuant to this prescreening, the circuit court found that three of Gastón's four counts (civil conspiracy to defraud, unjust enrichment, and intentional infliction of emotional distress) failed to state a claim because those counts were time-barred by the four-year statute of limitations. The circuit court also found that his count for unjust enrichment was barred

by his allegations of an express contract, and his count for intentional infliction of emotional distress was further barred by the absence of a physical injury. Accordingly, the circuit court dismissed those counts with prejudice.

As to the breach of contract count, the circuit court found that a five-year statute of limitations applied, but it could not determine from the face of the complaint whether the alleged breach occurred more than five years prior to the filing of the complaint. The circuit court then analyzed whether the breach of contract count was subject to dismissal pursuant to section 57.085(6)(d), as "frivolous, malicious, or reasonably appear[ing] to be intended to harass one or more named defendants." As part of this analysis, the circuit court reviewed the docket and certain docket entries in Gastón's criminal case. The circuit court did not take judicial notice of any of the criminal records.

The circuit court noted that Gastón pled guilty to charges of aggravated stalking and threats or extortion. Citing the probable cause affidavit, the circuit court further observed that Gastón's charges stemmed from his conduct toward Defendants after they declined to pay him the full commission. The probable cause affidavit detailed Gastón's excessive and disturbing communications with Defendants.

Based on the circuit court's review of records in the criminal case, combined with "the significant passage of time since the events of 2017 and the filing of the complaint in August 2022 and that he appears destined for prison due to twice violating his probation (albeit for conduct unrelated to [D]efendants)," the circuit court concluded that the complaint "reasonably appears to be intended to harass." Accordingly, the circuit court dismissed all claims with prejudice.

*Appellate Analysis*

"The standard of review for the dismissal of a complaint is . . . de novo." *Green v. Cottrell*, 204 So. 3d 22, 26 (Fla. 2016); *see also James v. Goryl*, 62 So. 3d 1225, 1225 (Fla. 5th DCA 2011).

Section 57.085 was enacted to address the prevalence of frivolous civil suits by indigent inmates. *Fla. Parole Comm'n v. Spaziano*, 48 So. 3d 714, 718 (Fla. 2010) (citing Ch. 96-106, preamble, at 92, Laws of Fla.). "The premise of [section 57.085] was that indigent inmates had abused the cost waiver [statute] by filing numerous frivolous lawsuits." *Reed v. Mims*, 711 So. 2d 169, 170 (Fla. 3d DCA 1998). To effectuate this intent, section 57.085 requires circuit courts to screen indigent inmate complaints to

3

determine whether the action is legally sufficient to state a cause of action. *See* § 57.085(6), Fla. Stat. (2022). As part of this review, the circuit court "shall" dismiss any claims that (among other things) are found to be frivolous, malicious, or intended to harass. *See* § 57.085(6)(d), Fla. Stat. (2022). "Actions not found to be frivolous or malicious or otherwise subject to dismissal under the act will proceed, but with the requirement that the prisoner prepay filing fees and related costs or be subject to a lien on his or her inmate trust account." *Spaziano*, 48 So. 3d at 718.

"Although section 57.085 must be interpreted so as to accomplish its intended purpose, it must also be applied flexibly so as to allow access to courts for those with legitimate claims." *Reed*, 711 So. 2d at 172. "Thus, where it appears that a pleading's deficiencies can be cured by an amendment, a reasonable opportunity for amendment should be allowed." *Id.* (reversing and remanding for plaintiff to be provided with leave to file an amended complaint); *see also James*, 62 So. 3d at 1226 ("Because [plaintiff] may be able to correct these defects, we reverse the dismissal of his complaint with prejudice and remand to allow him to file an amended complaint."). Such is the case even where it seems unlikely that the plaintiff will be able to prevail. *Chartrand v. Parsons*, 164 So. 3d 117, 117 (Fla. 5th DCA 2015) ("Under the best of circumstances, [plaintiff] would have difficulty meeting his burden of proof . . . . Due to his incarceration . . . these are not the best of circumstances for [him]. . . . While facing an uphill battle, [he] should at least be given an opportunity to amend his complaint . . . .").

In reviewing a complaint under section 57.085(6) to determine if it should be dismissed, the motion to dismiss standard applies. *See Toney v. C. Courtney*, 191 So. 3d 505, 507 (Fla. 1st DCA 2016) (applying standard to a dismissal with prejudice under section 57.085(6)); *James*, 62 So. 3d at 1226 (same). Under this standard, the circuit "court must accept the facts alleged therein as true and all inferences that reasonably can be drawn from those facts must be drawn in favor of the pleader." *Schneiderman v. Baer*, 334 So. 3d 326, 330 (Fla. 4th DCA 2022) (quoting *MEBA Med. & Benefits Plan v. Lago*, 867 So. 2d 1184, 1186 (Fla. 4th DCA 2004)). Additionally, "[a] court may not go beyond the four corners of the complaint and exhibits attached thereto." *Id.* (alteration in original) (quoting *Kohl v. Blue Cross & Blue Shield of Fla., Inc.*, 988 So. 2d 654, 658 (Fla. 4th DCA 2008)). And, "while affirmative defenses such as untimeliness are generally raised in an answer, dismissal is proper where the facts that support the defense affirmatively appear on the face of the complaint and establish conclusively that the action is barred as a matter of law." *Id.*

4

As to the breach of contract claim, the circuit court in the instant case erred by considering information outside the four corners of the complaint. Gastón's criminal materials were not attached to his complaint, nor were those materials incorporated by reference. *See, e.g., One Call Prop. Servs. Inc. v. Sec. First Ins. Co.*, 165 So. 3d 749, 752 (Fla. 4th DCA 2015) ("[W]here the terms of a legal document are impliedly incorporated by reference into the complaint, the trial court may consider the contents of the document in ruling on a motion to dismiss."). "The [incorporation by reference] doctrine cannot be stretched to allow for the mention of a prior proceeding in a complaint to open the door to the trial court considering the entirety of the prior proceeding in ruling on a motion to dismiss . . . ." *Schneiderman*, 334 So. 3d at 331.

Furthermore, the circuit court did not take judicial notice of Gastón's criminal records. Even if it had, however, judicial notice would have been improper without a stipulation. "[U]nless the parties have stipulated to judicial notice, a court cannot rely on judicial notice to sidestep the four corners rule." *Id.* at 330; *see also Bayview Loan Servicing, LLC v. Brown*, 329 So. 3d 210, 212 (Fla. 2d DCA 2021) ("For a trial court to take judicial notice, it must necessarily consider information outside of the four corners of the complaint.").

Regardless, even if the circuit court were not restricted to the four corners of the complaint, Gastón's criminal records do not (on the current record) reasonably support a finding that the complaint is intended to harass Defendants. The breach of contract claim was facially timely under the statute of limitations. The record does not indicate that, during his criminal proceedings, Gastón relinquished the contract rights he now seeks to assert. Gastón simply appears to be asserting his contract rights through a more appropriate avenue. Accordingly, for this additional reason, we determine the trial court erred in dismissing the breach of contract claim with prejudice. *See, e.g., Omasta v. Bedingfield*, 689 So. 2d 409, 410 (Fla. 5th DCA 1997) ("[U]nless it appears that the privilege to amend has been abused or that a complaint is clearly untenable, it is an abuse of discretion to dismiss with prejudice.").

The circuit court nonetheless properly dismissed Gastón's counts for civil conspiracy and intentional infliction of emotional distress. The facts alleged in the complaint do not support a theory of fraud. Instead, the facts allege a breach of contract. "[A] willful breach of contract alone, without more, is insufficient in law to constitute fraud." *In re Donner's Est.*, 364 So. 2d 742, 749 (Fla. 3d DCA 1978). Although Gastón alleged a conspiracy to breach his commission contract, breaching a contract is not a tort. Without a tort, there can be no conspiracy to commit a tort.

Likewise, a breach of contract cannot be converted into the tort of intentional infliction of emotional distress.

While Gastón challenges on appeal the circuit court's application of the statute of limitations to these counts, as well as a constitutional challenge to the intentional infliction of emotional distress dismissal, the circuit court never considered these arguments because Gastón never moved for rehearing once the trial court dismissed the case. We therefore decline to address these arguments as unpreserved. *See Sunset Harbour Condo. Ass'n v. Robbins,* 914 So. 2d 925, 928 (Fla. 2005) ("As a general rule, it is not appropriate for a party to raise an issue for the first time on appeal."); *Shelswell v. Bourdeau,* 239 So. 3d 707, 708 (Fla. 4th DCA 2018) (holding that the rule of preservation applies to the improper dismissal of a complaint with prejudice).

*Conclusion*

We affirm the circuit court's dismissal with prejudice of Gastón's counts for unjust enrichment, civil conspiracy, and intentional infliction of emotional distress. As for his breach of contract count, we reverse and remand for further proceedings.

*Affirmed in part, reversed in part, and remanded for further proceedings.*

GROSS and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**